Norman **BOYDEN**, Plaintiff,

v.

James **TROKEN** et al., Defendants.

No. 72 C 1837.

United States District Court,
N. D. Illinois, E. D.

Jan. 8, 1973.

Renee C. Hanover, Chicago, for plaintiff.

Richard L. Curry, Corp. Counsel, Edwin A. Gausselin, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the motion of defendants, James B. Conlisk, Jr. and Paul

McLaughlin for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

This is a civil rights action instituted pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Jurisdiction of this Court is based on 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1988. The amount in controversy is alleged to exceed the sum of $10,000 exclusive of interest and costs.

The plaintiff, Norman Boyden, is a citizen of the United States who resides in Chicago, Illinois. The defendant Chicago police officers are James Troken, Joseph McMahon, H. Berge, various John Does whose names and identities are presently unknown, the Chicago Police Superintendent James B. Conlisk, Jr., and the Commander of the 1st Chicago Police District Paul McLaughlin.

In the complaint the plaintiff alleges, *inter alia,* the following facts:

1. The defendants are employees of the City of Chicago who deprived the plaintiff of his civil rights under the color of state law.

2. On or about August 10, 1970 at Chicago Police Headquarters, 1121 S. State, the plaintiff after having been arrested was struck, beaten pushed, assaulted, and battered by all police officer defendants except Conlisk and McLaughlin.

3. This infliction of summary physical punishment deprived the plaintiff of due process and caused him to suffer bodily injury.

4. The plaintiff was denied full and equal protection of the law. More specifically plaintiff alleges that he was arrested without just, probable or lawful cause; deprived of his liberty until he could post bond; and was thereby required to defend himself against such improper charges and incur the expense of such a defense.

5. That certain unknown Chicago Police officers referred to as John Does knew of the above described wrongs but failed to prevent or aid in the prevention of those wrongs.

6. The defendant James B. Conlisk, Jr. had the power to then and there prevent or aid in the prevention of the commission of those wrongs and either neglected or refused to do so.

7. Two or more of the defendants, including possibly Conlisk and McLaughlin, conspired to deprive the plaintiff of the rights, privileges, and immunities secured by the Constitution and laws of the United States.

The plaintiff seeks damages totaling over $300,000.

Defendants Conlisk and McLaughlin in support of their Motion for Summary Judgment contend that there is no question that they did not personally participate in any of the acts alleged in the complaint and thus that the complaint fails to state a claim upon which relief can be granted as to them. Both Conlisk and McLaughlin have signed affidavits stating that they did not personally arrest the plaintiff nor did they direct, participate, or have personal knowledge of the incident involving plaintiff alleged to have occurred on or about August 10, 1970.

■■ It is the opinion of this court that plaintiff's complaint fails to state a cause of action as to defendants Conlisk and McLaughlin. The doctrine of respondeat superior does not apply in civil rights cases, Barrows v. Faulkner et al., 327 F.Supp. 1190 (N.D.Okla., 1971); Sanberg v. Daley, 306 F.Supp. 277 (N.D. Ill., 1969). Further, courts have uniformly held that police supervisory personnel are not liable for damages to one injured by police misconduct absent direct personal participation, Barrows v. Faulkner et al., *supra;* Sandberg v. Daley, *supra;* Mack v. Lewis, 298 F.Supp. 1351 (S.D.Ga., 1969); Patrum v. Martin, 292 F.Supp. 370 (W.D.Ky., 1968); Runnels v. Parker, 263 F.Supp. 271 (C.D. Cal., 1967); Pritchard v. Downie, 216 F.Supp. 261 (E.D.Ark., 1963); Jordan v. Kelly, 223 F.Supp. 731 (W.D.Mo., 1963).

As the Court in Jordan v. Kelly, *supra,* stated:

> Even though he [the police chief] may be charged with the duty of selecting the members of the force, he is not responsible for their acts unless he has directed such acts to be done, or has personally cooperated in the offense, for each police officer, is, like himself, a public servant. *Id.* at 737.

The plaintiff in his complaint has failed to allege that Conlisk and McLaughlin arrested or personally participated in any of the acts which the plaintiff claims violated his civil rights. In fact, Conlisk and McLaughlin have submitted affidavits to the effect that they did not so direct or participate in the alleged deprivation of the plaintiff's civil rights.

It is the opinion of this Court that the plaintiff has failed to state a cause of action against defendants James B. Conlisk, Jr., and Paul McLaughlin.

Accordingly, it is hereby ordered that the Motion for Summary Judgment in favor of Conlisk and McLaughlin is granted.