**Sarah FORD, Plaintiff,**

v.

**Harold BREIER, Individually and in his capacity as Chief of Police of the City of Milwaukee Police Department, et al., Defendants.**

Civ. A. No. 73-C-65.

United States District Court, E. D. Wisconsin.

Nov. 15, 1974.

Terrance L. Pitts, Milwaukee, Wis., for plaintiff.

James B. Brennan, City Atty., by Roch Carter, Asst. City Atty., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

In this civil rights action the plaintiff seeks monetary damages for the life of Jacqueline Ford, her deceased daughter. The plaintiff alleges that on May 17, 1972, defendants Rudolph Will and Snead Carroll, two police officers for the City of Milwaukee, met with several other police officers of the Milwaukee Police Department. At this meeting the officers decided on a mutual plan, which did not provide for obtaining a search warrant, for converging on plaintiff's house where it was thought a fugitive was hiding. While converging on the house, the weapon of Police Officer Carroll accidently discharged and struck Jacqueline Ford and killed her.

Defendant Carroll is being sued as the individual who fired the fateful bullet; defendant Will as the ranking officer among the men dispatched to the plaintiff's residence; and defendant Breier as Police Chief of the Police Department of the City of Milwaukee. The defendant Breier has moved to dismiss the complaint against him for failure to state a cause of action. The motion is denied.

Jurisdiction is alleged under 28 U.S. C. § 1343 and 42 U.S.C. § 1983.

The complaint, which was not denied and, thus, for the purpose of deciding this motion must be accepted as true, against Breier alleges that he was act-

ing under the laws of the State of Wisconsin and the rules and regulations of the City of Milwaukee Police Department in that:

"a. He failed to establish a policy requiring the officers under his command to obtain a search warrant in addition to an arrest warrant in cases where, after a reasonable period of time, said officers are unable to acquire entry into a building or room by obtaining the consent of an inhabitant thereof.

"b. He failed to instruct the officers under his command to exercise all reasonable means to ensure the safety of all those situated within premises where it is believed that a criminally accused might possibly be found, including investigation as to whether any other families are residing in the dwelling in question, and whether any children, elderly people, invalids, etc. reside therein.

"c. He failed to instruct and require his officers to keep and use tear gas to flush dangerous persons out of dwellings, where innocent persons may be harmed by shooting, as was the situation at bar."

■ Plaintiff's complaint is grounded in one of two theories. Firstly, that the defendant Breier's actions amounted to such gross nonfeasance as to constitute personal cooperation in the offense charged. Secondly, the failure to establish a requirement that police officers procure search and arrest warrants before entering domiciles can be construed as an established policy of the police department. As stated before, for the purpose of this motion, this court must assume that all of plaintiff's allegations are true.

Defendant Breier characterizes plaintiff's approach as being in contradiction to the prevailing notions of what constitutes conduct under color of state law for liability under the Civil Rights Act. Defendant Breier cites the case of Boyden v. Troken, 352 F.Supp. 722 (N.D.Ill.1973), in support of this proposi-

tion. In *Boyden,* the court dismissed the complaint against two defendants—the police superintendent and the commander of a police district—for failure to state a cause of action on the grounds that the doctrine of respondeat superior does not apply in civil rights cases and that police supervisory personnel cannot be held liable for damages absent direct personal participation. This is not what the plaintiff claims in this case. Here the plaintiff claims that there is a deliberate policy under the direction of the chief not to seek search and arrest warrants.

Defendant Breier also cites the case of Richardson v. Snow, 340 F.Supp. 1261 (D.Md.1972), where the complaint was likewise dismissed against the defendant chief of police on the ground that it was not sufficient to hold the police chief liable for the wrongful act of a subordinate merely by showing that the subordinate was acting under the general supervision of the chief. This is not what is alleged here.

■ The general proposition is that an action, "especially under the Civil Rights Act, should not be dismissed at the pleading stage unless it appears to a certainty that plaintiffs are entitled to no relief under any state of the facts, which could be proved in support of their claims." Escalera v. New York City Housing Authority, 425 F.2d 853, 857 (2d Cir. 1970), cert. denied 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970). See also Barnes v. Merritt, 376 F.2d 8 (5th Cir. 1967); York v. Story, 324 F.2d 450 (9th Cir. 1963), cert. denied 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659 (1964); and 2A Moore's Federal Practice ¶ 12.08, at 2271–2274 (4th ed. 1974). Such construction does not authorize complaints framed in conclusory and general terms. Sanberg v. Daley, 306 F.Supp. 277 (N.D.Ill.1969).

The standard is whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The

plaintiff has clearly satisfied this standard.

The cases cited by defendant Breier are distinguishable from the case at hand. Boyden v. Troken, supra, was decided as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, in which case the dismissed defendants submitted signed affidavits denying the charges and setting forth the true facts. In these affidavits the defendants alleged that they did not personally participate or direct the arrest of plaintiff or have personal knowledge of the incident. Richardson v. Snow, supra, was likewise disposed of as a motion for summary judgment. In that case the defendant police chief also submitted an affidavit establishing that he had no knowledge of the incident, nor did he direct or issue instructions to the officers who participated in the incident. In a third case cited by defendant Breier, Adams v. Pate, 445 F.2d 105 (7th Cir. 1971), the district court, on the defendant's Rule 12(b)(6) motion supported by affidavit (i. e., a motion for summary judgment), dismissed the complaint for failure to state a claim upon which relief could be granted, and the Seventh Circuit affirmed. The important fact in these cases is not the ultimate disposition of the motions, as defendant Breier argues, but the fact that in each case the defendant submitted affidavits specifically denying the allegations in plaintiffs' complaints and set forth under oath what the facts were on the issue raised.

The importance of these affidavits cannot be overemphasized. In each instance the judge was required to make a finding of fact and to determine whether or not there was a genuine issue of material fact. On the record before this court, one is not able to do so. The plaintiff has stated a colorable claim, and without countervailing affidavits which might well clear up the matter, this court is unable to dismiss the complaint or grant summary judgment for the defendant Breier.

 Plaintiff's complaint drills to the very core of controversy concerning the role of police in our society. The fourth amendment to the United States Constitution contains an explicit prohibition against unreasonable searches and seizures. The courts have consistently asserted that searches and arrests ought to be conducted, in most circumstances with warrants.

Plaintiff's complaint specifically alleges that the Chief of Police of the City of Milwaukee has not respected the requirements of the Constitution by not instructing his subordinates to procure search and arrest warrants whenever possible and to make the least obtrusive intrusion onto the individual's property or person when the search or arrest is made. This is a serious charge which has not been denied.

For the reasons stated above,

It is ordered that defendant Breier's motion to dismiss this action as to him be and it hereby is denied.