James WOOD, Plaintiff,

v.

Harold BREIER et al.,
Defendants.

Civ. A. No. 71-C-243.

United States District Court,
E. D. Wisconsin.

March 12, 1975.

Robert E. Sutton, Milwaukee, Wis., for plaintiff.

Thomas E. Hayes, Asst. City Atty., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a civil rights action against Harold Breier, the Chief of Police of the City of Milwaukee Police Department, the four members of the Fire and Police Commission for the City of Milwaukee (hereinafter "Commission"), two named members of the Milwaukee Police Department, and unknown, unidentified members of the Department. The complaint, filed pursuant to 42 U.S.C. § 1983, alleged that on July 2, 1970, plaintiff was assaulted, falsely arrested, unlawfully imprisoned, and denied medical treatment by members of the Milwaukee Police Department. Plaintiff sought in-

junctive relief and both compensatory and punitive damages.

Defendant Breier and the members of the Commission filed a motion for dismissal for failure to state a claim and for lack of jurisdiction. Defendant Breier also moved for a protective order to prevent discovery of a file containing the results of a police investigation made into the incident on July 2, 1970. Both of these motions were denied. Wood v. Breier, 54 F.R.D. 7 (E.D.Wis. 1972). Defendant Breier appealed the denial of the protective order to the Seventh Circuit Court of Appeals, but before decision by that court, he made a motion to dismiss the appeal, which motion was granted. Plaintiff then moved for an order under Rules 26(c) and 37(a)(4), Federal Rules of Civil Procedure, that defendants pay reasonable attorney's fees for the time spent in opposing defendant Breier's motion for a protective order.

Subsequently, defendants Breier, Mentkowski, Marshal, Block, and Miller (the four Commission members) filed a motion for summary judgment accompanied by supporting affidavits. Plaintiff has filed a brief in opposition but has not filed any affidavits. A reply brief was later filed by the moving defendants.

For the reasons hereinafter indicated, the motion for summary judgment by defendants Breier, Mentkowski, Marshal, Block, and Miller is granted.

## I.

In the aforementioned opinion denying the motion to dismiss, the allegations of the complaint were summarized as follows:

"  *   *   * (1) that on July 2, 1970, the plaintiff was attacked, beaten, and arrested by unknown uniformed patrolmen of the Milwaukee Police Department, all without provocation or cause; (2) that after arrest plaintiff was taken to the Milwaukee City Jail and held there by Patrolmen Allen Worachek and Lawrence Goulet without proper medical treatment; (3) that the Chief of Police, Harold Breier, and members of the Fire and Police Commission, Charles Mentkowski, Marjorie Marshal, Richard Block, and Louis L. Miller, Jr., conspired to deprive Wood of his constitutionally guaranteed rights by the formalization and perpetuation of policies that (a) shielded the police from identification, (b) prevented citizens injured by police from being able to examine records of the incident, and (c) prevented police officers guilty of misconduct from being disciplined; and (4) it is further alleged that (a) prior to July 2, 1970, the conspirators were aware of an explosive situation in the area in which Wood was attacked, (b) they dispatched police to that area on July 2 without badges or means of identification under their orders, direction, control, and supervision, and (c) subsequent to the attack on Wood, they attempted to cover up the incident."

The rule in this circuit is that—

"Where monetary damages, as distinguished from equitable relief, is sought under the provisions of the Civil Rights Act the doctrine of respondeat superior does not apply; *personal involvement* of the defendant is required." Adams v. Pate, 445 F. 2d 105, 107 n. 2 (7th Cir. 1971). (Emphasis added; citation omitted.)

In the decision denying the motion to dismiss, the allegations summarized above were held sufficient, if proved, to constitute the requisite personal involvement of Chief Breier and the four members of the Commission. This ruling was in accord with other cases finding that the personal involvement requirement was satisfied. Byrd v. Brishke, 466 F.2d 6 (7th Cir. 1972) (officers were present during a beating); Wright v. McMann, 460 F.2d 126 (2d Cir.), cert. denied, 409 U.S. 885, 93 S.Ct. 115, 34 L. Ed.2d 141 (1972) (warden had actual

knowledge of prison conditions); Moon v. Winfield, 368 F.Supp. 843 (N.D.Ill. 1973) (police chief had knowledge of numerous complaints against a policeman prior to alleged beating); Downs v. Dept. of Public Welfare, 368 F.Supp. 454 (E.D.Pa.1973) (personal direction of subordinates or actual knowledge of their acts and acquiescence); Ames v. Vavreck, 356 F.Supp. 931 (D.Minn.1973) (conspiracy allegation sufficient); Landman v. Royster, 354 F.Supp. 1302 (E.D.Va.1973) (personal direction or actual knowledge and acquiescence).

■ On a motion for summary judgment, however, Rule 56(c) of the Federal Rules of Civil Procedure enunciates the standard that must be met:

" * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * * "

The moving party has the burden of showing the absence of a genuine issue as to any material fact, and the affidavits filed in support of the motion must be viewed in the light most favorable to the opposing party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The sworn affidavit of defendant Breier states that (a) he was not present in Water Tower Park on July 2, 1970; he had no personal knowledge of any injury, conveyance, or confinement of the plaintiff at that time; he did not participate in, direct, supervise, or control any injury, conveyance, or confinement of the plaintiff; and any such injury, conveyance, or confinement was without his knowledge and consent; (b) any act or omission whereby plaintiff's name and the reason for his confinement was not entered in the police department records was without his knowledge or consent and was contrary to his policies;

(c) an exhaustive investigation of the alleged assault and imprisonment of the plaintiff was conducted pursuant to the rules of the police department; (d) he never issued or approved an official statement denying plaintiff was assaulted or imprisoned; (e) he has established a policy whereby members of the police department can remove their badges when wearing the badge poses a physical danger to a member, but the rules of the department require, at all times, that a member give his name and badge number upon request, and that failure to do so is a basis for dismissal; (f) under § 22.12 of the Milwaukee City Charter he is responsible for the efficiency and general good conduct of the police department, and withholds records of incidents where citizens are injured by police misconduct only where disclosure would be detrimental to the efficiency and general good conduct of the department; (g) he has never established a policy of preventing police officers guilty of misconduct to plaintiff from being disciplined, and the reason none has been disciplined is that no officer has been identified and found guilty; and (h) he had no agreement or understanding with any member of the Committee, or any other person, to deprive plaintiff of his constitutional rights or to affect the plaintiff in any way.

The affidavits of each of the four defendant members of the Commission state: (a) prior to and on July 2, 1970, they had no official information as to any confrontation in or around Water Tower Park; (b) they were not present in Water Tower Park on July 2, 1970, and any injury, conveyance, or confinement of plaintiff occurred without their participation, direction, supervision, control, knowledge, approval, or consent; (c) under §§ 21.02–21.19 of the Milwaukee City Charter, they did not have the powers of direction, supervision, and control over police officers and never attempted to exercise such powers; (d) the Com-

mission has no power under the charter to establish policies on identification of police officers and has never tried to do so; (e) the powers of the Commission under the City charter do not include control over police records, and the members have never established a policy of control over police records or attempted to do so; (f) under the City charter and the rules and regulations of the Fire and Police Commission, they have no power to investigate alleged misconduct by police in the absence of the filing of charges with the Commission, and no one has ever filed any charges with respect to any assault, conveyance, or imprisonment of plaintiff on July 2, 1970; and (g) each of them had no agreement or understanding with other members of the Commission, Chief Breier, or any other person to deny plaintiff his constitutional rights or to affect plaintiff in any other way.

Plaintiff has argued that the members' affidavits are untrue to the extent they state that the members have no power to initiate complaints about police misconduct. It is true that under § 21.-14(2)(a) of the Milwaukee City Charter, a member of the Commission can file charges. However, § 21.14(1) requires that the complaints filed be " * * * duly verified charges * * * setting forth sufficient cause for the removal of any member * * *." The affidavits of all Commission members show that none of them had sufficient personal knowledge of police misconduct towards the plaintiff to enable them to file the type of charges demanded by § 21.14(1). Thus, the members' conclusion that they had no power to commence an investigation in the absence of someone filing proper charges is correct.

These affidavits were sufficient to meet the defendants' initial burden of establishing the absence of any "personal involvement." As the Court indicated in Adickes v. S. H. Kress & Co., 398 U.

S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), once a moving defendant has met the initial burden of showing the absence of a genuine issue, the following portion of Rule 56(e) becomes applicable:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Thus, plaintiff had to either (1) submit affidavits, depositions, answers to interrogatories, and admissions on file (Rule 56(c)) setting forth the specific facts showing a trial was needed, or (2) file an affidavit under Rule 56(f) explaining why he could not do so. Adickes v. S. H. Kress & Co., supra.

Plaintiff here has not followed either alternative. He has filed no affidavits, nor has he specifically pointed out in his brief where in the depositions there are facts refuting the affidavits of the moving defendants. Rather, the plaintiff's brief in opposition to the motion for summary judgment vaguely refers to depositions conducted before the instant motion was filed and to the police reports which plaintiff has had access to. Rule 56(e) is quite explicit in requiring the party opposing the motion to set forth the specific facts which must be tried. Plaintiff's brief herein does not satisfy this requirement.

Instead, plaintiff argues in his brief that this case is inappropriate for resolution by summary judgment because it involves a conspiracy which can only be shown at a trial. He contends that the statements made in the defendants' affidavits are untrue and that he can only establish this at trial.

The Court believes that this argument is based on a misunderstanding of the procedure and policy of summary judgment under Rule 56. First, there is no general rule against granting summary judgment where a conspiracy is alleged. As stated in 6 Moore's Federal Practice, ¶ 56.17[9] at 2505–2506 (1974):

> "As in other types of actions, issues predicated upon a claim or defense of conspiracy may be summarily adjudicated where there is no genuine issue of material fact. Conversely, where there is a triable issue of fact, summary judgment should be denied."

If the rule were otherwise, summary judgment could always be avoided by pleading a conspiracy. While it may be difficult to oppose a motion for summary judgment where the supporting affidavits deny the existence of a claimed conspiracy, this difficulty is little different from trying to prove a conspiracy at trial. In either instance, the party opposing the motion must show facts tending to support his claim that a conspiracy existed. Since the initial burden on a motion for summary judgment is on the moving party, Adickes v. S. H. Kress & Co., supra, and the issue is only whether there is a genuine issue of material fact, the party opposing the motion does not have an unreasonable burden.

Secondly, summary judgment is especially appropriate in this case because of the opportunity plaintiff has had to conduct discovery. In the decision denying defendant Breier's motion to prevent discovery of the file containing the results of the police investigation into the July 2, 1970, injury to the plaintiff, it was stated:

> " * * * While I have no idea of what probability of success plaintiff's suit has, it may well be that if the suit has any chance of success, the keys to it are contained in this file." Wood v. Breier, 54 F.R.D. 7, 10 (E.D. Wis.1972).

Plaintiff subsequently was able to examine the entire contents of this file. If he discovered facts in this examination which tended to support his claims, he could have filed affidavits in opposition to the motion for summary judgment. This he has not done.

Further, after examining the police file, plaintiff could have reconvened the taking of defendant Breier's deposition and interrogated him concerning anything in the file which would refute Breier's affidavit. Plaintiff could then have set out in his brief Breier's answer which might have shown that a genuine issue existed. None of this has been done.

It is also highly significant, despite the fact that this case was filed over three and a half years ago, that plaintiff has yet to undertake any form of discovery with respect to the defendant members of the Commission. If plaintiff wanted to contest the statements made in the Commission members' affidavits, the Federal Rules of Civil Procedure provided several types of discovery methods which he could have utilized.

Therefore, in light of the material plaintiff has had access to, the unused opportunity to undertake further discovery and to file affidavits opposing the motion for summary judgment, and the inability of plaintiff to point out where in the records of this case there is a genuine issue of material fact, summary judgment is appropriate. Since the defendants' affidavits adequately refute and explain the allegations of the complaint, there is no alternative but to find that there is no genuine issue of material fact. See Ford v. Breier, 383 F.Supp. 505 (E.D.Wis.1974). Summary judgment must, therefore, be entered in favor of the moving defendants.

## II.

The complaint herein also sought an injunction requiring defendant Breier and the Commission members to establish rules requiring on-duty members of

the police department to wear a means of identification and establish procedures so that citizens injured by police misconduct can obtain the names of the officers responsible.

Section 2–147 of the Milwaukee Code of Ordinances was amended after the commencement of this action by adding a paragraph reading as follows:

"Every uniformed member of the police force of the City of Milwaukee shall on all occasions when on duty wear on the breast of his outer garment under his badge a permanently attached embroidered or stenciled identification tag containing his badge number, which will be conspicuously displayed at all times when the badge is not worn."

■ . Plaintiff has not made a sufficient showing that the amendment of § 2–147 did not render the request for an injunction moot. Since plaintiff has made no attempt to show that Chief Breier is failing to enforce the ordinance, or that uniformed members of the department are acting in disobedience to the ordinance's command, the requested injunction must be denied.

### III.

Plaintiff has filed a motion seeking an order that the defendants pay reasonable attorney's fees for the time spent in opposing the motion of defendant Breier for a protective order preventing discovery of the file of the police investigation of the July 2, 1970, incident. Breier's motion was denied in Wood v. Breier, 54 F.R.D. 7 (E.D.Wis.1972).

Rule 26(c) provides for protective orders, and the final portion reads as follows:

"If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of Rule 37(a)(4) apply

to the award of expenses incurred in relation to the motion."

The relevant portion of Rule 37(a)(4) reads:

"If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was *substantially justified* or that other circumstances make an award of expenses unjust." (Emphasis added.)

■ Defendant Breier has argued that Rule 37(a)(4) applies to expenses incurred in opposing a motion for a protective order only where the court not only denies the protective order but also orders discovery to proceed. Here, it is contended, the police file was voluntarily produced after the motion for a protective order was denied and the appeal dismissed.

This argument is unpersuasive, since the plain language of Rule 26(c) makes the expenses provision of Rule 37(a)(4) applicable whenever a motion for a protective order is successfully opposed.

■ Under the circumstances of this case, however, the motion for a protective order was "substantially justified." As the opinion denying the motion for a protective order indicated, the premise of defendant Breier's motion for a protective order was executive privilege. The applicability of this privilege requires a case by case, *ad hoc* balancing of public policies and the material which is sought to be discovered. The interests asserted by defendant Breier's motion were important, and the fact that the policies in favor of allowing discovery of the police file were of greater weight does not mean the motion for a protective order was unjusti-

fied. Plaintiff's motion for reasonable attorney's fees must, therefore, be denied.

### IV.

It is therefore ordered that summary judgment be and it hereby is granted in favor of the defendants Breier, Mentkowski, Marshal, Block, and Miller.

It is further ordered that plaintiff's motion for attorney's fees be and it hereby is denied.