**Sarah FORD, Plaintiff,**

v.

**Harold BREIER, Individually and in his capacity as Chief of Police of the City of Milwaukee Police Department, et al., Defendants.**

**Civ. A. No. 73–C–65.**

United States District Court,
E. D. Wisconsin.

April 27, 1976.
Nunc pro tunc April 14, 1976.

Terrance L. Pitts, Milwaukee, Wis., for plaintiff.

James B. Brennan, City Atty., and Grant F. Langley, Asst. City Atty., Milwaukee, Wis., for defendant Breier.

John J. Carter, Milwaukee, Wis., for defendants Will and Carroll.

## DECISION

REYNOLDS, Chief Justice.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983, and its jurisdictional counterpart, 28 U.S.C. § 1343(3). The plaintiff seeks monetary damages for the life of Jacqueline Ford, her deceased daughter, who allegedly was killed by a Milwaukee police officer in an incident more fully described below.

The case is presently before the court on the motions of defendants Snead Carroll and Rudolph Will for a jury trial, and defendant Harold Breier's motion for summary judgment. Both of these motions were previously granted by an order of this court entered April 14, 1976, and this written decision is rendered in support of said order.

### I.

It is alleged in the complaint that defendants Rudolph Will and Snead Carroll, two City of Milwaukee police officers, met with several other Milwaukee police officers on May 17, 1972. At this meeting the officers decided on a mutual plan for converging on plaintiff's house where it was thought a fugitive was hiding. The plan did not provide for obtaining a search warrant. While the police were converging on the house, officer Carroll's weapon accidently discharged. Jacqueline Ford was struck by the bullet and killed. Defendant Carroll is being sued as the officer who fired the fatal bullet; defendant Will as the ranking officer among the men dispatched to the plaintiff's residence; and defendant Breier as Chief of Police of the City of Milwaukee Police Department.

The motions presently before the court were brought after substitution of counsel for defendants Carroll and Will. Extensive discovery in the form of requests for admissions, interrogatories, and depositions have been had by the parties.

### II.

With respect to the motion for a jury trial, it should first be noted that the original answer of defendants Will and Carroll, filed March 13, 1973, did *not* contain a jury demand. The present counsel for these defendants entered his appearance on October 8, 1975. The motion for jury trial was filed the same day. In his affidavit in support of the motion, counsel stated that on September 17, 1975, he was retained and received the file in this matter for his examination. No opposition to the motion for jury trial has been filed by any party. Since the time for responding to the motion has long since passed, the parties have waived their right to do so. Rule 6.01, Rules of the United States District Court for the Eastern District of Wisconsin.

Rule 38 of the Federal Rules of Civil Procedure governs questions surrounding the right to a jury trial in civil cases tried in the federal courts. Subsection (b) of that rule indicates that a demand for a jury trial on any issue must be made " * * * in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue," and subsection (d) specifies that failure to make the demand as prescribed shall constitute a waiver.

A review of the record here discloses that such a waiver does exist. That does not, however, end the inquiry. The Court has discretion, on motion of a party, to order a jury trial despite the waiver. Rule 39(c), Federal Rules of Civil Procedure. *Swofford v. B & W Inc.*, 336 F.2d 406 (5th Cir. 1964), cert. denied, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965). But cf. *United Press Associations v. Charles*, 245 F.2d 21, 17 Alaska 46 (9th Cir. 1957), cert. denied, 354 U.S. 925, 77 S.Ct. 1378, 1 L.Ed.2d 1435 (1957).

In exercising this discretion, the Court would be ill-advised to apply Rule 38 technically and mechanically. Rather, if the issues in the case are appropriately triable by a jury, the better course is to grant relief from an apparent waiver absent overriding circumstances to the contrary. See *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150 (10th Cir. 1965). The right to a jury trial conferred by the Seventh Amendment has been extended to cover suits, such as this, which allege monetary damages under the civil rights statutes even though such actions are not suits at common law. See e. g., *Chapman v. Kleindienst*, 507 F.2d 1246 (7th Cir. 1974); *Van Ermen v. Schmidt*, 374 F.Supp. 1070 (E.D.Wis.1974); *Cook v. Cox*, 357 F.Supp. 120 (E.D.Va.1973). But see *Lawton v. Nightingale*, 345 F.Supp. 683 (N.D.Ohio 1972). Moreover, it should be noted that in the instant case the motion for a jury trial was brought without undue delay by new counsel who had been substituted in the case, and the motion has been unopposed. While this Court does not here suggest that the provisions of Rule 38 may generally be avoided by a substitution of counsel followed by a motion for a jury trial, under the circumstances of this case I hold that it is appropriate to grant the motion for a jury trial.

III.

Chief Breier's motion for summary judgment seeks to defeat plaintiff's allegation that Breier, as Chief of Police, exercised ultimate discretion, supervision, and control over all members of the Police Department, and negligently failed to adequately instruct the officers involved in the shooting of Jacqueline Ford. Specifically, it is plaintiff's position that Breier negligently failed to establish a policy requiring officers to obtain a search warrant in addition to an arrest warrant where officers are unable to obtain entry to the premises by consent of the occupant, negligently failed to instruct the officers to exercise all reasonable means to insure the safety of those within the premises where an accused is believed to be located, and negligently failed to instruct and require officers to keep and use tear gas to flush dangerous persons out of dwellings where innocent people may also be situated.

The affidavit of Chief Breier, accompanying his motion for summary judgment, relates that he was Chief of Police at all times relevant to this suit, and as such he had the power and responsibility to regulate the department, prescribe rules for the government of its members, and oversee the efficiency and general good conduct of its officers. As Chief, the defendant Breier states that he exercised ultimate discretion, supervision, and control over the officers involved here, but that he was not present and did not order or otherwise participate in any of the incidents giving rise to this action.

The affidavit also sets forth the rules of the Milwaukee Police Department governing the use, issuance, and execution of search warrants and the utilization of firearms and tear gas, plus the personal policy of Chief Breier to furnish members of the

department the best training possible including training in the areas of search warrants, firearms, and tear gas. There is nothing in the record before the Court on this motion for summary judgment which tends to establish that Breier personally participated in the incident at issue in any way, that he negligently exercised his general supervisory powers by failing to furnish adequate training of his officers, or that otherwise contradicts the affidavit of defendant Breier. Thus, plaintiff's opposition to the motion rests on her essentially conclusory allegation of defendant Breier's negligence, an allegation which the record does not support.

■ "Personal involvement is contemplated" in actions brought pursuant to the so-called civil rights statutes. *Salazar v. Dowd*, 256 F.Supp. 220, 223 (D.Colo.1966). It has consistently been held that police supervisory personnel, even those charged with training members of the force, cannot be held liable for damages to one harmed by police misconduct absent direct personal action by the supervising officer. *Richardson v. Snow*, 340 F.Supp. 1261 (D.Md.1972); *Jennings v. Davis*, 339 F.Supp. 919 (W.D. Mo.1972); *Sanberg v. Daley*, 306 F.Supp. 227 (N.D.Ill.1969); *Mack v. Lewis*, 298 F.Supp. 1351 (S.D.Ga.1969); *Patrum v. Martin*, 292 F.Supp. 370 (W.D.Ky.1968); *Fanburg v. City of Chattanooga*, 330 F.Supp. 1047 (E.D.Tenn.1968). A case frequently cited for its articulation of the rule set forth above is *Jordan v. Kelly*, 223 F.Supp. 731 (W.D.Mo.1963), where, in granting the police chief's motion for summary judgment in a § 1983 action arising out of plaintiff's allegedly unlawful arrest by a police officer, the Court stated at 739:

"The chief of police would not be responsible for the wrongful acts of the officer unless he was present or unless it is shown he directed such acts or personally cooperated in them, and there is no dispute but that he was not present, did not direct and did not cooperate in the making of the arrest.

"The allegation that the arresting officer was acting under the general supervision, direction and control of the chief of police is not sufficient to render him liable * * *.

■ Applying this rule to the record presently before the Court, defendant Breier is entitled to summary judgment. *Richardson v. Snow*, supra; see Rule 56(e), Federal Rules of Civil Procedure.

The cases relied upon by the plaintiff are not to the contrary. *Beverly v. Morris*, 470 F.2d 1356 (5th Cir. 1972), involved merely the appellate court's affirmation that substantial evidence existed to support a jury finding that defendant police chief was negligent in failing to properly train auxiliary officers. As pointed out above, the state of the record here is quite different. In *Carter v. Carlson*, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971), the Court reversed the district court's decision granting the police chief's *motion to dismiss* in a § 1983 suit allegedly involving negligent supervision, but specifically noted the possibility of the chief's prevailing on a motion for summary judgment where the Court would have the benefit of a factual record. In fact, plaintiff in the instant case earlier survived a motion to dismiss. See *Ford v. Breier*, 383 F.Supp. 505 (E.D.Wis.1974). Other authority cited by the plaintiff is equally unavailing.