Mrs. Lula Jean McKEE et al., Plaintiffs,

v.

Harold BREIER, Chief of Police of the City of Milwaukee Police Department, and various John Does or Jane Does, (presently unknown law enforcement officers) all employed by the City of Milwaukee Police Department, all jointly and severally, Defendants.

No. 76–C–41.

United States District Court,
E. D. Wisconsin.

June 24, 1976.

Coffey, Murry & Coffey, by Kevin E. O'Neill, Milwaukee, Wis., for plaintiffs.

James B. Brennan, City Atty., by John F. Kitzke, Asst. City Atty., Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant Chief Breier has moved, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss the complaint in this action on the ground that it fails to state a claim against him on which relief can be granted. I believe that this motion should be denied.

The plaintiffs allege that their fourth, fifth, and fourteenth amendment rights were violated in the course of an investigation conducted by the defendants following the murder of two city of Milwaukee police officers on January 31, 1973. Specifically, the plaintiffs Lula Jean McKee and Brenson McKee assert that on January 31 and February 1, 1973, the unknown police officer defendants entered their home without their consent and without a search warrant, and in the course of searching the home, caused them to suffer emotional and property damage.

The plaintiff Gregory Rickie Daniels alleges that on or about January 31, 1973, he was improperly arrested and imprisoned without being charged with a crime. He claims physical and mental injury from this incident and seeks compensatory and punitive damages. The plaintiff Tyrone Daniels alleges that on or about January 31, 1973, he was improperly arrested and his clothing and automobile were taken. He also claims physical and mental injury, for which he seeks compensatory and punitive damages.

The plaintiffs allege that the defendant Breier was the chief of police of the city of Milwaukee and that the unknown defendants "were acting pursuant to the orders, directions, rules and regulations issued or promulgated by the defendant Harold Breier . . . ." They also allege:

"That Harold Breier, because of the passion surrounding the commission of these murders did negligently conduct the aforesaid investigation in that he:

"(a) did previously fail to adopt reasonable rules and regulations regarding the rights of City of Milwaukee policemen to conduct searches and the proper treatment of prisoners.

"(b) that he negligently failed to exercise proper supervision and control over the City of Milwaukee Police Officers involved in said investigation, knowing full well that individual citizens civil rights were being violated.

"(c) he failed to establish a policy requiring the officers under his command to obtain a search warrant in cases where, after a reasonable period of time, said officers are unable to acquire entry into a building or room by obtaining the consent of an inhabitant thereof.

"(d) he failed to. instruct the officers under his command to exercise all reasonable means to insure the safety and constitutional rights of all those situation [sic] within premises where a search is being conducted, including a policy to avoid causing damage to the premises or personal property therein where the same is unnecessary."

Plaintiffs Gregory Rickie Daniels and Tyrone Daniels further assert that:

"(c) he failed to establish a policy requiring the officer under his command to determine probable cause before causing the arrest of a citizen.

"(d) he failed to instruct the officers under his command to exercise all means to insure the safety and constitutional rights of all those arrested and incarcerated, including a policy to avoid causing damage to the person arrested or his property where the same is unnecessary."

Chief Breier asserts that *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561, 44 U.S.L.W. 4095 (1976) and *Ford v. Breier*, No. 73–C–65, 71 F.R.D. 195 (E.D.Wis.1976),

notice of appeal filed April 26, 1976, require that this action be dismissed against him. The plaintiffs contend that *Rizzo* is inapplicable here and that an earlier decision in *Ford v. Breier*, 383 F.Supp. 505 (E.D.Wis. 1974), should be applied, instead of the later decision cited by the defendant.

In *Ford v. Breier*, the police chief and named city of Milwaukee police officers were sued for damages in the accidental shooting of the plaintiff's daughter. The allegations against the defendant Breier in that case were generally the same as they are here. Judge Reynolds denied the defendant's motion to dismiss, indicating that the plaintiff might be able to prove facts which would entitle her to relief. *Ford v. Breier*, 383 F.Supp. at 506. Thereafter, the defendant filed uncontested affidavits and moved for summary judgment. Judge Reynolds granted the defendant's motion, stating:

"There is nothing in the record before the Court on this motion for summary judgment which tends to establish that Breier personally participated in the incident at issue in any way, that he negligently exercised his general supervisory powers by failing to furnish adequate training of his officers, or that otherwise contradicts the affidavit of defendant Breier. Thus, plaintiff's opposition to the motion rests on her essentially conclusory allegation of defendant Breier's negligence, an allegation which the record does not support." *Ford v. Breier*, No. 73–C–65, 71 F.R.D. 195, 198 (E.D.Wis.1976).

Like *Ford v. Breier*, 383 F.Supp. 505 (1974), the instant case is before the court on a motion to dismiss. The defendant has presented no evidentiary material in support of this motion. The allegations of the complaint must be accepted as true, and the motion must therefore be denied for the reasons set forth in the earlier *Ford* opinion.

*Rizzo v. Goode* does not require the dismissal of this complaint. In *Rizzo* the plaintiff classes sued the defendant chief of police for equitable relief from potential

future mistreatment by police officers. The lower court, after hearings, ordered the defendants to implement a new system for processing citizen complaints. The Supreme Court held that where the defendant police chief played no affirmative role in isolated incidents of police misconduct, his failure to prevent such incidents neither violated the constitutional rights of the class of all Philadelphia residents nor justified the broad equitable relief granted by the district court.

The plaintiffs in this action seek money damages for past incidents of alleged police misconduct directed against them, not sweeping equitable relief to prevent possible future misconduct directed against a class. Also, since no evidence has yet been presented, it cannot be said, as it was in *Rizzo*, that the moving defendant has demonstrated that he had no affirmative role in the alleged incidents. On the contrary, the plaintiffs have expressly alleged that Chief Breier failed to act at a time when he knew that individual civil rights were being violated. In *Rizzo*, the Supreme Court noted that the district court had "found that none of the petitioners had deprived the respondent classes of any rights secured under the Constitution." At 377, 96 S.Ct. at 607, 44 U.S.L.W. 4100. No such finding can be made in favor of Chief Breier upon the present state of the record. For these reasons I conclude that *Rizzo* is inapplicable here.

Therefore, IT IS ORDERED that the defendant's motion to dismiss be and hereby is denied.