ROPER CORPORATION, Plaintiff,

v.

LITTON SYSTEMS, INC., Defendant.

No. 84 C 2711.

United States District Court,
N.D. Illinois, E.D.

Dec. 12, 1984.

See also, D.C., 589 F.Supp. 823.

J. William Hayton, John J. Verscaj, Bell, Boyd & Lloyd, Chicago, Ill., Frank P. Porcelli, John M. Skenyon, W.R. Hulbert, Fish & Richardson, Boston, Mass., for plaintiff.

Nate F. Scarpelli, Marshall, O'Toole, Gerstein, Murray & Bicknell, Chicago, Ill., John A. Diaz, J. Robert Dailey, Morgan, Finnegan, Pine, Foley & Lee, New York City, for defendants.

## ORDER

BUA, District Judge.

Before the Court is the plaintiff's motion to hold defendant in contempt for its failure to comply with the Court's order dated October 19, 1984, or in the alternative to require defendant to produce the documents requested in the order immediately. For the reasons stated herein, plaintiff's motion to hold defendant in contempt is denied and its motion to compel production of documents is granted.

## I. DISCUSSION

Plaintiff Roper argues that defendant Litton should be held in contempt of this Court for its refusal to comply with this Court's order dated October 19, 1984, which required Litton to answer certain of Roper's requests for discovery relating to the issue of infringement by November 23, 1984. The order constituted a partial lifting of the Court's August 16, 1984 order which stayed discovery, at Litton's request, pending decision on Litton's motion for summary judgment on the issue of infringement. Upon receipt of the requested discovery from Litton, Roper was to file an answer to Litton's motion for summary judgment by December 26, 1984.

Plaintiff claims that Litton's refusal to answer the ordered discovery requests is a one-sided attempt by Litton to broaden the scope of the pre-summary judgment discovery to include Roper's documents regarding the validity of its patent. Roper argues that this extended, one-sided discovery is impermissible since it was at Lit-

ton's request that the summary judgment motion and subsequent discovery were narrowed to cover only the issue of infringement.

Defendant argues that it should not be compelled to produce the ordered documents without a proper protective order. According to the defendant, the only portion of its protective order to which plaintiff objects is one which gives Litton "access to confidential information previously provided by plaintiff, Roper Corporation, during discovery or trial in *Raytheon Company v. Roper Corporation . . . .*" At first, defendant contended that this information was necessary for its research on the issue of the validity of Roper's patent. Subsequently, Litton claimed that this information was necessary for its summary judgment motion on infringement.

■ A district court has broad discretion in exercising its powers to fashion or deny a protective order and may be reversed only on a clear showing of abuse of discretion. *Marrese v. American Academy of Orthopaedic Surgeons*, 692 F.2d 1083, 1088 (7th Cir.1982). Under Fed.R. Civ.P. 26(c), if a motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. Under Rule 26(c), the provisions of Fed.R.Civ.P. 37(a)(4) apply to the award of expenses incurred in relation to the motion. Accordingly, Rule 37(a)(4) applies to expenses incurred in opposing a motion for a protective order where the court not only denies the protective order but also orders discovery to proceed. *Wood v. Breier*, 66 F.R.D. 8 (E.D. Wis.1975), *rev'd on other grounds*, 534 F.2d 330 (7th Cir.1976).

In the present case, defendant has not complied with the ordered discovery because it seeks the protection of its confidential information in the form of a protective order under Rule 26(c). The Court finds that a protective order which covers the material ordered to be produced under the October 19, 1984 order is appropriate and therefore that portion of the motion for a protective order is granted.

■ However, defendant's attempt to make a discovery request within its motion for a protective order is inappropriate. If defendant wishes to have discovery on documents related to Roper's previous litigation for purposes of either the issue of infringement or the issue of validity, it must avail itself of the appropriate federal rules of procedure, as plaintiff has done. The defendant may not condition its compliance with the Court's order dated October 19, 1984 upon the acceptance of a protective order which contains a counter-request for discovery from the plaintiff. Therefore, the Court denies that portion of defendant's motion for a protective order which gives Litton access to Roper's confidential information arising out of *Raytheon Company v. Roper Corporation.*

Therefore, the Court enters the following protective order attached as Appendix A. Further, the Court orders:

(1) that defendant Litton produce immediately the material requested by plaintiff and contained in the Court's order dated October 19, 1984;

(2) that defendant Litton pay plaintiff's reasonable expenses, including attorneys' fees, incurred in opposition to defendant's motion for a protective order as provided under Fed.R.Civ.P. 37(a)(4).

IT IS SO ORDERED.

## APPENDIX A

### PROTECTIVE ORDER

The parties having stipulated to the following proposed Protective Order for the protection of confidential business and technical information under Rule 26(c), Federal Rules of Civil Procedure, and it appearing to the Court that such order is necessary and appropriate, it is ordered:

(1) All transcripts of depositions, exhibits, answers to interrogatories and other documents filed with the Court or produced pursuant to pre-trial discovery of either party to this action, which have been designated by a party as confidential because they contain information which has been maintained in confidence in the normal

course of business, and all items which reveal the contents thereof, shall if filed with the Court be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title to this action, an indication of the nature of the contents of such sealed envelope or other container, the word "Confidential" and a statement that it shall not be opened or released from the custody of the Clerk except by order of the Court.

(2) All transcripts of depositions, exhibits, answers to interrogatories, copies thereof, other documents and all information otherwise obtained by counsel for either party to this action pursuant to discovery in this action which are labeled with the word "Confidential" or otherwise expressly and clearly designated as containing or comprising confidential information shall be retained by counsel and shall not be disclosed to others (except as hereinafter set forth) nor used by him other than for purposes of this Civil Action. Any such transcripts, exhibits, other documents or information may be disclosed by counsel to (a) partners, associates and employees of Bell, Boyd & Lloyd; Fish & Richardson; Briggs and Morgan; Marshall, O'Toole, Gerstein, Murray & Bicknell; and Morgan, Finnegan, Pine, Foley & Lee in preparation for and trial of this action, (b) David J. Richter and John Haurykiewicz, inside counsel for plaintiff and defendant, respectively, and their clerical staff, and (c) two persons who are employed by a party and up to two persons who are not employed by a party who are consulted for the purpose of technical or expert services or retained to give testimony with respect to the subject matter thereof for the trial of this action and the clerical staffs of such persons. Each such person as defined in part (c) above to whom disclosure is to be made shall be fully identified to opposing counsel and shall, in a written instrument delivered to opposing counsel, acknowledge that he (or she) is fully familiar with the terms of this Order or any amended or further order as the Court may enter in furtherance of the Protective Order and agrees to comply with and be bound by such order, except by

further order of the Court. Such written assurance shall be in the following form:

## WRITTEN ASSURANCE

_____, being duly sworn, states:

That he resides at _____ in the city of _____ county of _____ state of _____;

That he has read the Protective Order dated _____ and is _____ on behalf of _____ in the preparation and conduct of Civil Action No. 84 C 2711 (United States District Court for the Northern District of Illinois).

That he is fully familiar with and agrees to comply with and be bound by the provisions of said Order; and

That he will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purposes of this Civil Action, any designated Confidential information or material obtained pursuant to said Order, except only such information as is excluded by paragraph 3 of said Order.

_____

Subscribed and sworn to before me, this _____ day of _____, 198__.

_____

Notary Public in and for the County of _____, State of _____.

(3) Under no circumstances shall a party disclose or make use of any information obtained by it, and designated in accordance herewith as confidential, except for purposes of this Civil Action. Such restriction, however, shall not apply to information which at or prior to disclosure thereof in this action is or was public knowledge, or which, after disclosure thereof, becomes public knowledge as a result of publication by one having unrestricted right to do so, or which previously was known to the receiving party, or which later is disclosed to

**4**

the receiving party by one having the unrestricted right to do so.

(4) With respect to the propriety of applying the Confidential designation to any information or material coming hereunder, including whether the information or material should come within the exceptions of the second sentence of Paragraph 3, the party wishing to challenge the confidentiality of any designation shall submit a request to the Court in writing for an *in camera* inspection of the information or material, such request containing the requesting party's reasons for believing that public disclosure of the material is proper. In the event the Court releases any such information or material from this protective order in response to any such request, the opposing party may request any alternative protective order deemed appropriate in the circumstances. All information and material designated as "Confidential" shall be deemed to be subject to this protective order until the Court has ruled to the contrary.

(5) Nothing in this Order shall be deemed a waiver of the right of any party to oppose production of any information or material, for lack of timeliness or relevance or materiality, or as a privileged communication, or as work product of counsel, or as not calculated to lead to the discovery of admissible evidence.

(6) Upon final termination of this action, all persons subject to the terms hereof shall upon request assemble and return to the appropriate party all information and material designated Confidential and all copies, summaries and abstracts thereof, and return or destroy all other outlines, compilations, memoranda, documents, etc. embodying or concerning said information and material; providing, however, counsel of record for any party may retain one copy of any such item solely for reference in the event of any dispute over the use of or dissemination of information or material subject to the terms hereof.

IT IS SO ORDERED.