Fred Arispe CRUZ et al., Plaintiffs,

v.

Dr. George J. BETO et al., Defendants.

Civ. A. No. 71–H–1371.

United States District Court,
S. D. Texas,
Houston Division.

March 3, 1977.

William Bennett Turner, San Francisco, Cal., Mark T. McDonald and Gabrielle K. McDonald, McDonald & McDonald, Houston, Tex., Samuel Biscoe, Austin, Tex., for plaintiffs.

John L. Hill, Atty. Gen., of Texas and John Pierce Griffin, Asst. Atty. Gen., Austin, Tex., for defendants.

## ORDER

CARL O. BUE, Jr., District Judge.

## I. INTRODUCTION

Before the Court for consideration is plaintiffs' motion for approval of attorneys' fees. This Court, in its Memorandum and Order of June 14, 1976, ("June 14 Order") granted plaintiffs' application for counsel fees based on its earlier finding that defendants had displayed sufficient "bad faith," see Order on Findings of Fact and Conclusions of Law, at 3–5, 9, 15–16 & n. 9 (March 18, 1976) ("March 18 Order"), to warrant such an award. See Carter v. Noble, 526 F.2d 677, 678 (5th Cir. 1976). The parties' efforts to ascertain informally and agree to a reasonable attorneys' fee were not successful. Therefore, on November 29, 1976, a hearing was conducted at which defendants were permitted to challenge the materials submitted by plaintiffs' counsel in support of the fee application. On the basis of the evidence submitted prior to and at the attorneys' fees hearing, the legal memoranda prepared by counsel and, most importantly, this Court's in-depth familiarity with the nature of the prosecution and defense which have characterized this long-pending litigation, as previously detailed in the June 14 Order, at 1–4, the Court hereafter concludes that plaintiffs are entitled to attorneys' fees in the amount of $27,760.00.

## II. ADDITIONAL BASIS FOR THE AWARD OF COUNSEL FEES

On October 19, 1976, President Ford signed into law the Civil Rights Attorney's Fees Awards Act of 1976, Public L. No. 94–559 (Oct. 19, 1976), amending 42 U.S.C. § 1988. The new provision authorizes the Court in its discretion to award the prevailing party in certain civil rights actions, including actions pursuant to 42 U.S.C. § 1983, a reasonable attorney's fee as part of the costs. The statutory language tracks the language of counsel fee provisions in other civil rights statutes, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k).

As pointed out by counsel for plaintiffs, the legislative history clearly establishes that the new statute is applicable to cases pending as of the date of enactment. See H.R. Rep. No. 94–1558, 94th Cong., 2d Sess. 4 n. 6 (1976); cf. Bradley v. Richmond School Board, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). Moreover, in accordance with the United States Supreme Court's recent decision in Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), the legislative history also reflects a Congressional intent to override the defense of sovereign immunity embodied in the Eleventh Amendment by exercising the enforcement power granted to Congress under Section 5 of the Fourteenth Amendment. See H.R. Rep. No. 94–1558, 94th Cong., 2d Sess. 7 & n. 14 (1976); S. Rep. No. 94–1011, 94th Cong., 2d Sess. 5 (1976), U.S. Code Cong. & Admin.News 1976, p. 5908.

As stated in the Senate Report:

"[D]efendants in these cases are often State or local bodies or State or local officials. In such cases it is intended that the attorneys' fees, like other items of costs, will be collected either directly from the official, in his official capacity, from funds of his agency or under his control, or from the State or local government (whether or not the agency or government is a named party)."

S. Rep. No. 94–1011, 94th Cong., 2d Sess. 5 (1976), U.S.Code Cong. & Admin.News 1976, p. 5913 (footnotes deleted). Thus, the scope of this new legislation, applicable to this cause of action, confirms the holding of this Court as stated in its June 14 Order as to the propriety of an award of fees.

## III. DETERMINING A REASONABLE ATTORNEY'S FEE

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (hereinafter "*Johnson*") is the guidepost by which an adequate fee award is to be fashioned in this prisoner civil rights case. *See Miller v. Carson*, 401 F.Supp. 835, 857–60 (M.D.Fla. 1975); H.R. Rep. No. 94–1558, 94th Cong., 2d Sess. 8 (1976); S. Rep. No. 94–1011, 94th Cong., 2d Sess. 6 (1976). This Court hereafter considers plaintiffs' fee application in accordance with the factors delineated in *Johnson*.

### A. Time and Labor Required

#### 1. Adequacy of Proof

■ Defendants primarily oppose plaintiffs' fee request on the grounds that plaintiffs' counsel have not submitted the documentation necessary to satisfy plaintiffs' "burden of proving their entitlement to an award of attorney's fees". *Johnson, supra* at 720. To support the request, plaintiffs' attorneys have submitted affidavits which detail the services rendered in representing plaintiffs, accompanied by counsel's estimates of the number of hours expended to perform such services, based upon a review

of counsel's files, calendars and other bookkeeping records. *See* Plaintiffs' Exhibits 1–4. Plaintiffs' Exhibit 4, prepared one week prior to the November 29, 1976, fee hearing, contains a table which catalogues the hours expended by each attorney on the merits, both pre-trial and trial, as well as the time spent on the counsel fee issue.

According to lead counsel for plaintiffs, Mr. William Bennett Turner, the estimates of time expended are extremely conservative. In fact, at the fee hearing Mr. Turner stated that as he reviewed the file, he cut his initial estimate of hours for a particular service roughly in half for purposes of the affidavits. A comparison of the hours listed for certain services in counsel's affidavits and counsel's corresponding work product supports Mr. Turner's testimony.

Defendants, however, contend that plaintiffs have not presented ample evidence to support an award of fees because no daily time records have been submitted; the affidavits, aside from being based on estimates, do not state the date on which the service was performed and, in many cases, which of six attorneys representing plaintiffs performed the service; and there is no itemized expense schedule to support litigation-related expenses. In support of the argument that plaintiffs have failed to carry their burden of proof, defendants rely primarily on this Court's recent discussion in *Foster v. Boise-Cascade, Inc.*, 420 F.Supp. 674, 689–693 (S.D.Tex.1976) (hereinafter "*Foster*"), in which the Court delineated the methodology by which a reasonable attorneys' fee is to be determined when the proposed fee accompanies a pre-trial settlement of a Title VII class action. *See also Parker v. Matthews*, 411 F.Supp. 1059 (D.D.C.1976). In *Foster*, this Court stated that before approving an attorney's fee to be awarded as part of a class compromise,

"this Court will expect a . . . detailed presentation which denotes the nature of the work performed, the exact amount of time spent on such work, and

the exact date on which the work occurred."

Foster, supra at 690 n. 10.

As pointed out to counsel at the attorneys' fees hearing, the circumstances surrounding plaintiffs' proposed fee in Foster bear little resemblance to the facts surrounding the instant fee application. Most important is the timing of the instant fee request as contrasted with that in Foster. In Foster, the Court was required to review the reasonableness of a proposed fee at a time when it possessed only scant knowledge of the case and had not had the opportunity to witness first-hand the results of the attorney's work effort at trial. Thus, because the Court had no basis for independently determining a fee based upon a time expenditure reasonably related to the services rendered, primary reliance necessarily was placed on counsel's itemization of services as a means of fashioning a reasonable fee award.

The instant case is at the opposite end of the spectrum. Here, the Court personally has observed the work effort of Mr. Turner, as lead counsel, and the other attorneys who have assisted him. The Court has become intimately familiar with this litigation during the past few years and the demands placed upon plaintiffs' counsel prior to trial stemming from defendants' tactical strategies. See June 14 Order, at 1–4. Thus, the Court is not primarily dependent upon supporting time records of counsel, if any, as a means of assessing the correctness of the estimates contained in counsel's affidavits, but can rely chiefly on its own observations and experience in this particular litigation. See Johnson, supra at 717.

■ Furthermore, defendants apparently misconstrue the role of the Court in computing a reasonable fee. The Court is not required to calculate, nor are plaintiffs obligated to prove, a reasonable fee with "mathematical precision". Johnson, supra at 720. This is especially true where the need for documentation and specific listings of times and dates to support plaintiffs' request is at a minimum because of the Court's intimate acquaintance with the litigation. Rather, so long as the Court can reasonably ascertain, either on the basis of supporting time sheets or through its independent perception of counsel's efforts and abilities, that the hours claimed by counsel in their affidavits are a rational reflection of the services performed, the prevailing party will have fulfilled its burden of proof. Thus, although the preferable and less-risky course of action is for counsel to keep detailed time records to be submitted with a fee request, counsel's failure to do so is not fatal to plaintiffs' application in this particular case.

### 2. Analysis of Hours Claimed

According to Plaintiffs' Exhibit 4, at 3, plaintiffs seek an award of fees based on the following hourly totals:

| Attorney | Trial & Fee Hearing | Pre-Trial Work on Merits & Fee Issue | Informal Communications | Total Hours |
|---|---|---|---|---|
| William Bennett Turner | 17 | 187.8 | 20 | 224.8 |
| Gabrielle McDonald | 1 | 18.5 | | 19.5 |
| Mark McDonald | | 9 | | 9 |
| Alice Daniel | | 9 | 1 | 10 |
| Samuel T. Biscoe | 17 | 89.5 | 2 | 108.5 |
| Shelvin Hall | | 44 | | 44 |
| TOTAL | 35 | 357.8 | 23 | 415.8 |

Counsel have submitted supporting affidavits which list in adequate detail a chronological breakdown of services and the number of hours estimated to have been spent on each category of services.

In addition, the deposition of Mr. Turner, taken on November 18, 1976, (hereinafter "Turner deposition"), when coupled with the affidavits of Mr. Turner, Mrs. McDonald and Mr. Biscoe, offers a sufficient breakdown of hours spent by each attorney, as reflected in the above table. The tabular summarization accurately reflects the time allotments as listed in the affidavits and testified to by Mr. Turner.

The Court has no difficulty concluding that the hours claimed are reasonable and represent an efficient use of counsel's time. If anything, the hourly estimates appear unrealistically low. In certain instances counsel have opted to forego a recovery for time actually expended on the case. *See* Turner deposition, at 19, 22, 24, 26, 28. For example, Mrs. McDonald has listed only her time spent on purely legal work and has excluded time spent on informal communications and litigation-related conferences. *See* Plaintiffs' Exhibit 2, at 3. Additionally, Mr. Turner alludes to expenditures of time which he has not included in his itemization of services. *See* Turner deposition, at 24, 26. Thus, the Court finds no evidence of duplication of work effort for which a double recovery is sought or other evidence of "padding" on the part of plaintiffs' counsel.

Accordingly, the Court finds no reason to diminish the hours claimed by counsel, and defendants have not pointed the Court to any category of services for which excessive time arguably is claimed. "The court simply notes that the strategy adopted by defendants added hours to plaintiffs' work," *Stanford Daily v. Zurcher*, 64 F.R.D. 680, 683 (N.D.Cal.1974), including time necessarily expended on the question of attorneys' fees in the absence of a settlement of this issue as urged by the Court in its June 14

Order, at 6–7. Therefore, the hours listed in the above table, including time spent on the attorneys' fees question, *see Miller v. Amusement Enterprises, Inc.*, 426 F.2d 534, 539 (5th Cir. 1971); *Foster, supra* at 692; *Parker v. Matthews*, 411 F.Supp. 1059, 1068 (D.D.C.1976), will be used by the Court to compute a reasonable fee.

*B. Rate of Compensation*

In fashioning the hourly rate applicable to each of the six attorneys who performed legal services for the plaintiffs, the Court takes into account seven of the guidelines discussed in *Johnson, supra* at 718–19: the novelty and difficulty of the questions presented; the skill requisite to perform the legal service properly; the customary fee; whether the fee is fixed or contingent; the amount involved and the results obtained; the experience, reputation and ability of the attorneys; and the "undesirability" of the case.

All seven factors support higher hourly rates than customarily would be granted by this Court. Through the Findings of Fact and Conclusions of Law contained in the March 18 Order, this Court has described sufficiently the unusual and difficult nature of the instant case. Special skill was required of plaintiffs' counsel to combat the numerous legal roadblocks set up by defendants and to deal with the burdensome discovery effort mounted by the defendants late in the pre-trial stage of this controversy. At all times, counsel displayed an extremely high level of expertise in the pertinent subject areas. As a result of counsel's efforts, plaintiffs were awarded monetary damages against defendant Beto, the former Director of the Texas Department of Corrections, and granted injunctive relief. Because of the important constitutional questions at stake, the damage recovery constitutes merely incidental relief. Thus, the amount of monetary damages awarded in this case will not be viewed as limiting the amount in attorneys' fees properly recoverable by plaintiffs. *See, e. g.,*

*Miller v. Carson*, 401 F.Supp. 835, 859–60 (M.D.Fla.1975); *Trans World Airlines, Inc. v. Hughes*, 312 F.Supp. 478, 484 (S.D.N.Y. 1970), *aff'd*, 449 F.2d 51 (2nd Cir. 1971), *rev'd on other grounds*, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973). All the factors listed above have been considered in arriving at the hourly rates delineated below.

■ Lead counsel, Mr. Turner, is one of the leading authorities and practitioners in the field of prisoner civil rights litigation. Since 1970, he has served as Director of the NAACP Legal Defense Fund at its San Francisco office. His affidavit, Plaintiffs' Exhibit 1, lists the landmark litigation previously handled by him, as well as his numerous publications, including two textbooks. Based upon his background and experience, Mr. Turner clearly is entitled to a top hourly fee which properly is awardable for work in this legal area. Accordingly, this Court determines that Mr. Turner's time should be valued as follows: $90 per hour for trial work; $75 per hour for pretrial work; and $35 per hour for informal communications.

Gabrielle McDonald and Mark McDonald are civil rights practitioners in Houston, Texas, who specialize in Title VII employment discrimination actions. As indicated by the number of hours spent by each of them on this case, *see* Part III.B.2., *supra*, and the affidavit of Mr. Turner, Plaintiffs' Exhibit 1, at 4, it is clear that the McDonalds' chief role was to serve as local counsel and assist Mr. Turner in his prosecution of the suit from his offices in San Francisco, California. Given the nature of the legal services performed by them in this litigation, coupled with their legal background and experience, the Court concludes that their services should be compensated at the rate of $70 per hour for trial work and $60 per hour for pre-trial work.

Alice Daniel initially handled the case for the NAACP Legal Defense Fund. She consulted with the plaintiffs, negotiated with the Texas Attorney General's office regarding plaintiffs' allegations and played the major role in the preparation of the original complaint and motion for preliminary injunction. Plaintiffs' Exhibit 1, at 2. The case was thereupon turned over to Mr. Turner. Given Ms. Daniel's legal background, as summarized in Plaintiffs' Exhibit 1, at 3–4, her hourly fee is appropriately set at $60 per hour for her pre-trial work and $35 per hour for time spent on informal communications.

Samuel Biscoe has acted as Mr. Turner's associate in the case from the summer of 1973 through the present time. Mr. Biscoe assisted Mr. Turner in deposing and interviewing the inmate plaintiffs, and in the preparing for and conducting of trial. Given that Mr. Biscoe graduated from law school in 1973, the Court determines that his time should be compensated at the rate of $50 per hour during trial, $40 per hour before trial and $35 per hour for informal communications. Similarly, the Court concludes that Ms. Shelvin Hall who, as an associate in the office of Mark and Gabrielle McDonald, prepared for and attended depositions of the inmate plaintiffs as plaintiffs' representative, also should be compensated at $40 per hour for her pre-trial work. Finally, the travel time of Mr. Turner and Mr. Biscoe will be valued at $10 per hour.

Again, the Court stresses that the hourly fees herein delineated have been fashioned on the basis of counsel's qualifications, their work effort and the results obtained through such efforts, as well as the difficulty and novelty of the case. The subjective factors which properly should be considered by the Court in determining a reasonable fee, *see Johnson v. Georgia Highway Express, Inc., supra*, thus have been considered fully in arriving at the hourly rates. Accordingly, the Court need not adjust the resultant hours-times-rate figures since all factors have been considered in determining the applicable hourly fees.

The rates utilized in this case undoubtedly represent the maximum hourly fees which this Court will employ in fashioning fee awards for litigation of this nature. However, given the expertise and quality of

work exhibited by counsel, the rates are entirely reasonable.

### C. Conclusion

Therefore, on the basis of the affidavits of counsel, the evidence forthcoming at the November 29 hearing and this Court's independent observation of counsel's performance, the Court concludes that plaintiffs are entitled to an attorney's fee computed as follows:

| Attorney | Trial & Fee Hearing | Pre-Trial Work on Merits & Fee Issue | Informal Communications | | Total Hours |
|---|---|---|---|---|---|
| William Bennett Turner | 17 x $90 | 187.8 x $75 | 20 x $35 | = | $16,315.00 |
| Gabrielle McDonald | 1 x $70 | 18.5 x $60 | | = | 1,180.00 |
| Mark McDonald | | 9 x $60 | | = | 540.00 |
| Alice Daniel | | 9 x $60 | 1 x $35 | = | 575.00 |
| Samuel T. Biscoe | 17 x $50 | 89.5 x $40 | 2 x $35 | = | 4,500.00 |
| Shelvin Hall | | 44 x $40 | | = | 1,760.00 |
| SUB-TOTAL | | | | | $24,870.00 |

PLUS:

1. Travel Expenses (see Plaintiffs' Exhibit 1, at 5; Plaintiffs' Exhibit 4, at 4)

   Mr. Turner: 5 round trips at $350/each = $1,750
   Mr. Biscoe: Approximation based on exhibits = 400
   $ 2,150.00

2. Travel Time (see Plaintiffs' Exhibit 1, at 4-6; Plaintiffs' Exhibit 4, at 4)

   Mr. Turner: 5 round trips at 8 hrs. each at $10/hr. = $ 400
   Mr. Biscoe: 34 hrs. at $10/hr. 340
   $ 740.00

   TOTAL $27,760.00

Plaintiffs shall also recover their court costs of $65.00 from defendants.