**Cyril James WILLIAMS, Plaintiff,**

v.

**Jack HEARD, Defendant.**

**Civ. A. No. H–80–2446.**

United States District Court,
S.D. Texas,
Houston Division.

May 24, 1983.

See also, 533 F.Supp. 1153 and 703 F.2d 555.

———

Jacqueline Taylor, Edwards & Hitt, Houston, Tex., for plaintiff.

Edward J. Landry, Billy E. Lee, Asst. County Attys., Houston, Tex., for defendant.

**MEMORANDUM AND ORDER AWARDING ATTORNEY'S FEES**

SINGLETON, Chief Judge.

This case involves the violation of plaintiff's constitutional rights by the Sheriff of Harris County, Texas, defendant in this action, who failed to release plaintiff from prison after he was no-billed by a grand jury. Trial was held before a jury on January 20–22, 1982. This court directed a verdict for plaintiff on the issue of defendant's liability, *Williams v. Heard,* 533 F.Supp. 1153 (S.D.Tex.1982) (Singleton, C.J.). The jury returned a verdict against defendant in the amount of $48,300.

This court, following an evidentiary hearing held on March 22, 1982, awarded plaintiff's counsel, Ms. Jacqueline Taylor, $19,320 for attorneys' fees. During the hearing on attorneys' fees, this court asked Ms. Taylor if she was aware of the twelve criteria for determining the reasonableness of attorneys' fees, as set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). Answering in the affirmative, Ms. Taylor called an expert witness, Mr. James Plummer, to prove the reasonableness of the fee according to the factors set out in *Johnson.* This court determined that the requested fee was reasonable and awarded the fee.

Nonetheless the Fifth Circuit remanded in an unpublished opinion, stating "because the district court awarded attorneys' fees without making findings according to the criteria set by us in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974), we reverse the award of fees and remand for the fixing of those fees in a manner that will permit appellate review."

Upon review of the transcript of the attorneys fees hearing, it appears to this court that most but not all of the criteria in *Johnson* were addressed by the plaintiff's counsel. A second hearing was therefore held before this court on May 3, 1983.

In *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d at 717–19, the court set out the twelve factors necessary to determine

the reasonableness of an award of attorney's fees. These factors include:

1. The Time and Labor Required.
2. The Novelty and Difficulty of the Questions.
3. The Skill Requisite to Perform the Legal Service Properly.
4. The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case.
5. The Customary Fee.
6. Whether the Fee is Fixed or Contingent.
7. Time Limitations Imposed by the Client or the Circumstances.
8. The Amount Involved and the Results Obtained.
9. The Experience, Reputation, and Ability of the Attorneys.
10. The "Undesirability" of the Case.
11. The Nature and Length of the Professional Relationship With the Client.
12. Awards in Similar Cases.

During the May 3rd hearing, Ms. Taylor stated that, because this case was a contingency fee case, she did not record the time required by the case. Ms. Taylor testified as to the labor required and estimated the time required to be approximately 100 hours. With respect to the nature of the labor, she testified that she was hired by plaintiff in 1980 and they entered into a contingency fee contract. Ms. Taylor researched the case to determine whether to file it in state or federal court. She consulted with her partners in the firm, then researched and wrote the complaint. She filed the complaint with this court in October 1980. Ms. Taylor reviewed the answers filed by defendants Jack Heard, the City of Houston, and the Houston Police Department. She spoke with the plaintiff and his wife and the plaintiff's employer. She prepared the plaintiff for a deposition, and she met with the plaintiff and his wife, the plaintiff's employer, Ron Hayes, and a friend, Chris Cross, before trial. She requested documents from the Sheriff's department and reviewed the documents upon receipt. She appeared before the court at a discovery conference in February 1981 and entered into an agreed discovery order with the defendants. Ms. Taylor met several times with the attorneys representing the City of Houston. She drafted a pre-trial order and discussed it with the defendant's attorney, Mr. Don Jackson. She reviewed defendant's pretrial order and researched the issues raised in the order. Ms. Taylor attended a pretrial conference before this court, and she prepared a memorandum of law for this court. Thereafter, she represented plaintiff at the two-and-a-half-day trial. During the two week period prior to the trial, she devoted all of her time to this case, to the exclusion of other cases. She met with the plaintiff and his wife again, as well as his employer, Ron Hayes. She also talked with Judge Roe and with the plaintiff's friend and co-employee Mr. Noland Alexander. Following the trial, Ms. Taylor prepared a motion for attorneys' fees and costs of court. She reviewed and responded to defendants appeal brief, and she drafted a motion to dismiss their appeal.

Ms. Taylor testified that her estimate of the hours spent on this case, 100 hours, was the minimum amount of time that could have been spent for the labor required by this case.

■ The Fifth Circuit has admonished attorneys of the importance of keeping time records:

[A]ny attorney who files or defends a suit in which there is a possibility that he will seek a court award for fees should by now recognize that careful time records should be kept. The fact that counsel normally does not keep records, or maintains casual ones, or handles cases on a contingent fee basis does not excuse failure to observe good business practice when he seeks to have someone other than the acceding client pay for his services.

Because the amount of time devoted to a case is an essential element of the computation of reasonable fees, and because it is difficult to determine that compo-

nent without adequate documentation, the Court of Appeals for the District of Columbia has recently announced a rule that no allowance of fees will henceforth be made unless "contemporaneous, complete, and standardized time records [are available that] accurately reflect the work done by each attorney" absent such exceptional circumstances as would render denial of such fees unjust. . . . While this circuit has not adopted such a rule, prudent counsel will adhere to that procedure.

*Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1094 (5th Cir.1982) (citations omitted). *See also Harkless v. Sweeny Independent Sch. Dist.,* 608 F.2d 594, 597 (5th Cir.1979). Failure to keep time records, however is not necessarily fatal to a request for attorneys fees. *Id.; Cruz v. Beto,* 453 F.Supp. 905, 908 (S.D.Tex.1977), *aff'd.,* 603 F.2d 1178 (5th Cir.1979). In *Cruz v. Beto,* 453 F.Supp. 905 at 907, for example, the plaintiffs failed to submit daily time records. Rather, they submitted estimates of time, without stating the date on which the services were performed. Because the court was familiar with the litigation, and had observed the work of the attorneys involved, the court was able to assess the correctness of the estimates. The court concluded that "so long as the court can reasonably ascertain, either on the basis of supporting time sheets or through its independent perception of counsel's efforts and abilities, that the hours claimed by counsel in their affidavits are a rational reflection of the services performed, the prevailing party will have fulfilled its burden of proof." *Id.* at 908.

In the present case, Ms. Taylor was able to reconstruct the work done on the case and provide the court with an estimate of the time required by the case. Although she has not provided this court with the exact dates such services were performed, this court is well acquainted with the litigation and Ms. Taylor's efforts and abilities and is of the opinion that the estimated 100-hour figure is quite reasonable for the labor required.

In personal injury cases such as the present case, contingency fees are the norm. Thus, it is difficult, if not impossible, to arrive at an hourly rate. Ms. Taylor testified that, in non-personal injury suits, the customary fee is $100 per hour out-of-court time and $150 per hour in-court time. Given the figure, if the fee in the present case were computed on strictly an hourly rate, the fee amount would be approximately $11,000. This $11,000 figure is a lodestar in the determination of a reasonable fee in the case before the court. The guidelines in *Johnson* may favor a greater or a lesser rate. Due to the difficulty of the questions involved, the undesirability of the case, the skill necessary to perform the legal services properly, the ability of the plaintiff's lawyer, the amount of damages involved, awards in similar cases, and the result achieved (and the impact thereof), and particularly due to the nature of contract involved—contingency fee—this court is of the opinion that a multiplier of at least two times the lodestar amount would be reasonable in this case.

First, the case presented difficult questions. Although this was not a case of first impression, the facts of this case required Ms. Taylor to make a detailed investigation of the standard procedures used in Harris County for releasing prisoners who are no-billed by the grand jury to determine whether such procedures were reasonable. *See Williams v. Heard,* 533 F.Supp. at 1155–56. In making her investigation into the practices of the Sheriff's department, Ms. Taylor risked offending persons with whom she is likely to work again in the future of her practice. To this extent, the case may be classified as undesirable. In addition, the fact that Ms. Taylor's client is black and is not a citizen of this country likely worked against her.

In considering the skill necessary to perform the legal services properly, the judge is to observe "the attorney's work product, his preparation, and general ability before the court". *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d at 714. It is the opinion of this court that Ms. Taylor's work

product was excellent. She was well-prepared and demonstrated that she is a highly able litigator.

The amount of damages obtained by plaintiff in this case total $48,300. with interest. This amount includes $4,800. for past physical pain, $2,440. for physical pain that may be suffered in the future, $33,600. for mental anguish in the past, $7,200. for mental anguish in the future, and $300. in loss of earnings. Mr. Plummer testified that the amount of damages awarded in this case were within the range or higher than awards in similar cases. The results obtained in this case were, of course, favorable. This court is of the opinion that the future effect of its holding will be that the sheriff's office will implement priority procedures for releasing prisoners once they are no billed by the grand jury. In the memorandum directing a verdict in favor of the plaintiff, this court stated:

The actions of defendant in this case ... were not reasonable. The right of a prisoner not to be held after the prisoner has been no-billed by the grand jury and the grand jury has ordered that the sheriff release the prisoner, where there is no other authority under which the prisoner is being held, is a clearly established constitutional right not to be deprived of liberty without due process of law. Furthermore, defendant knew or should have known that this was a constitutional right and that the conduct at issue in this case violated constitutional norms. Knowing of the constitutional rights at stake, defendant, as a jailor, should have established reasonable procedures to account for prisoners held at both the downtown jail and the detention facility in Humble. As previously stated these procedures should have included a system that would afford priority treatment to releasing papers at both facilities, a system for ensuring the release of prisoners pursuant to the releasing papers, and a reliable system for verifying the orders to release as well as the actual release. In light of the clearly established constitutional right at issue of which defendant should have been aware, defendant's ac-

tions were unreasonable because he failed to establish reasonable procedures for the release of prisoners such as plaintiff. *Williams v. Heard,* 533 F.Supp. at 1159–60.

The nature of the fee agreed upon, in the present case is a contingency fee. The parties entered into a 40 percent contingency fee contract, or a 45 percent fee if the case were appealed. Mr. Plummer testified that the fee contract in the present case is reasonable and is common in similar cases. By entering into a contingency fee contract, Ms. Taylor risked the taking of no fee in this case, or the taking of a substantially lower fee than that she obtained.

This court is of the opinion that the foregoing factors all support a higher fee than the lodestar amount. The *Johnson* factors not touched upon—the preclusion of other employment, time limitations, experience of the attorney, and the nature and length of the professional relationship—do not necessarily weigh in favor of or against the higher fee.

As to whether this case precluded other employment, Ms. Taylor testified that she focused all of her attention on the present case for the two week period preceding the trial to the exclusion of her other work. The trial itself lasted two and a half days. She was excluded from working on otherwise available work.

There were no extraordinary time limitations in the present case.

As to Ms. Taylor's experience, she has been admitted to the State Bar since 1978 and practices, as she describes it, "plaintiffs law." Although most of her work is personal injury work in state court, she has had several cases in federal court. While Ms. Taylor is a young attorney, having practiced law for only five years, this court is of the opinion that she is highly skilled and quite able.

As to the nature and length of the professional relationship with the client is the ninth factor, Mr. Williams has been a client of Ms. Taylors since 1980 when he came to her concerning this case.

Ms. Taylor has requested fees in the amount of $19,320.00, with interest, and $2,415.00, with interest, for the appeal of this case. The total amount of these fees, $21,735.00, is less than the amount of fees determined by this court to be reasonable. This court is of the opinion that the requested $21,735.00 is a reasonable fee in this case. Accordingly, it is hereby

ORDERED, ADJUDGED, and DE-CREED that Jacqueline Taylor, attorney for plaintiff, Cyril James Williams, recover from defendant Jack Heard, Sheriff of Harris County, Texas, the sum of twenty-one-thousand-seven-hundred-and-thirty-five dollars ($21,735.00), with interest at the rate of ____ percent. It is FURTHER ORDERED that plaintiff Cyril James Williams recover his costs of court, which amount to two hundred nineteen and 89/00 ($219.89).