Warren CARTER, Individually and on Behalf of all Others Similarly Situated, Plaintiffs-Appellees, Cross Appellants,

v.

W. B. NOBLE, Individually and as Sheriff of Madison County, Mississippi, et al., Defendants,

Jack Pentecost, Individually and as Jailer of the Madison County Jail, Defendant-Appellant, Cross Appellee.

No. 75–2699
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 28, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

James G. McIntyre, Jackson, Miss., for defendant-appellant, cross appellee.

Nausead Stewart, Fred L. Banks, Jr., Constance I. Slaughter, Jackson, Miss., for plaintiffs-appellees, cross appellants.

Joe R. Fancher, Jr., Canton, Miss., for other interested parties.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

Warren Carter was placed in the Madison County, Mississippi jail overnight because he did not have $34 to pay two traffic violation fines he had incurred that day. His mother paid the fines early the next morning and went to the county jail to obtain the release of her son. She had to wait in an outside room until the jailer, Deputy Sheriff Jack Pentecost, arrived. He had been directed by the Sheriff to release the prisoner. It is uncontradicted that, when Pentecost arrived at the jail, he directed a jail employee to cut Carter's hair. His assertion that this was justified by the jail policy of cutting prisoners' hair for sanitation reasons is frivolous because Pentecost knew that Carter was about to be released. Moreover, the district court found that severe bodily injuries were inflicted upon Carter by Pentecost "with force excessive of that necessary to protect himself, or were [inflicted] by trusties under the direct order of Pentecost", while Carter's mother was waiting in an outside room for her son's release. This finding is not clearly erroneous. See Fed.R.Civ.P. 52(a); Zenith Radio Corp. v. Hazeltine Research, Inc., 1969, 395 U.S. 100, 123, 89 S.Ct. 1562, 23 L.Ed.2d 129. We therefore affirm both the district court's holding that Pentecost deprived Carter of his constitutional rights in violation of 42 U.S.C. § 1983 and the court's award of $1000 damages against Pentecost.[1]

Carter's attorneys filed a post-trial motion for an award of attorneys' fees and affidavits setting out their educational and professional backgrounds and the number of hours they had worked on the case. The district court overruled the motion because this case is "essentially a simple tort action arising from a single incident affecting but one person . . . ." The Supreme Court has stated, however, that a court may assess attorneys' fees "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'". Alyeska Pipeline Service Co. v. Wilderness Society, 1975, 421 U.S. 240, 258, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141, 154, quoting F. D. Rich Co. v. Industrial Lumber Co., Inc., 1974, 417 U.S. 116, 129, 94 S.Ct. 2157, 40 L.Ed.2d 703. The underlying rationale of this fee shifting "is, of course, punitive, and the essential element in triggering the award of fees is therefore the existence of 'bad faith' on the part of the unsuccessful litigant". Hall v. Cole, 1973, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702. It is thus irrelevant to the awarding of attorneys' fees based on bad faith that the case

---

1. Carter sued, in addition to the jailer Pentecost, Sheriff W. B. Noble; Lee Childress, the deputy sheriff who arrested Carter; and United States Fidelity and Guaranty Company, the surety on the performance bonds of the individual defendants. The district court's findings that Carter's injuries were attributable solely to Pentecost and that Pentecost's actions were contrary to the Sheriff's orders are not clearly erroneous. We therefore affirm the dismissal of the actions against these three defendants.

Pentecost argues that the district court's judgment against him should be reversed because the court erred in denying the defendants' motion for a jury trial. The amended complaint was filed on September 21, 1971, and the answer was filed on March 13, 1972. The defendants did not move for a jury trial until August 23, 1974. Pentecost contends that Fed.R.Civ.P. 38(b), which requires the demand for a jury trial to be made not later than 10 days after service of the last pleading, should be disregarded because, shortly before the 1974 motion, the defendant associated a second counsel to help with the case. We find this contention without merit. Fed.R.Civ.P. 38(d).

involved only a single incident affecting one person. The sole defense Pentecost advanced for his malicious action was a patently frivolous claim that it advanced a policy of prisoner sanitation. The result of this spurious contention was that Carter was forced to employ counsel and bring this litigation. We hold that, as a matter of law, Pentecost exhibited sufficient bad faith to justify an award of attorneys' fees to the aggrieved party.

We affirm the district court's judgment in all respects except as to the overruling of the motion for attorneys' fees. On remand, the district court should determine an amount of attorneys' fees to be awarded the plaintiff which will cover all services rendered in this litigation at both the trial and appellate levels.

Affirmed in part, reversed in part, and remanded.