Robert G. BOICE, as Personal Representative of the Estate of Frank S. Boice, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CIV 79–160–TUC–ACM.

United States District Court, D. Arizona.

Sept. 3, 1980.

William H. Tinney, Bilby, Shoenhair, Warnock & Dolph, P.C., Tucson, Ariz., for plaintiff.

Michael D. Hawkins, U. S. Atty., Tucson, Ariz., Earl T. W. Ing, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

ORDER

MARQUEZ, District Judge.

Robert Boice, as personal representative for the Estate of Frank S. Boice, instituted this action for a refund of Federal Estate Tax on June 11, 1979. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1346(a)(1). On August 24, 1979, the Unit-

ed States of America, as defendant, filed its Answer and counter-claimed for a tax deficiency allegedly due the government. Plaintiff's Reply to the Counter-claim was filed on September 19, 1979. In none of these pleadings was there a demand for a jury trial.

Finally, on June 11, 1980, exactly one year after the filing of the Complaint, the plaintiff filed a Demand for Jury Trial under Rule 38(b), Fed.R.Civ.P. Rule 38(b) reads as follows:

> Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading by the party.

See also Local Rule 10(a)(3), Rules of Practice of the United States District Court for the District of Arizona.

Plaintiff's jury demand pursuant to Rule 38(b) would have been timely if filed prior to September 29, 1979. Since he failed to demand trial by jury within ten days following service of his Reply to defendant's Counter-claim on September 19, 1979, the plaintiff has not made a timely demand and is deemed to have waived his right to a jury trial. Rule 38(d), Fed.R.Civ.P.

After defendant objected to the Demand for Jury Trial filed pursuant to Rule 38(b), the plaintiff on July 8, 1980, filed a Motion for Jury Trial pursuant to Rule 39(b), Fed. R.Civ.P., accompanied by an affidavit sworn to by the attorney for the plaintiff stating that he had been the attorney in charge of the case since the first draft of the Complaint; that he was aware of Rule 38(b) at the time of the filing of the Complaint; that for several weeks after the filing of the Complaint in this matter he was engaged in two complicated jury trials which demanded all of his attention; that he had just moved to a new law firm and

was experiencing "the obvious extraordinary problems of changing offices"; and that "The pressure of the new office, new files, two major jury trials, and a young secretary who was doing her best to keep her head during this transition all resulted in my failure to give the file the review it needed in the initial pleading stage."

Plaintiff's Motion for Jury Trial under Rule 39(b) was filed more than one year after the filing of the Complaint and approximately ten months after the plaintiff's Reply to the defendant's Counter-claim. In seeking to justify the absence of the timely demand for jury trial, plaintiff's counsel submitted the affidavit referred to above. Plaintiff's counsel, in his memorandum, states that he did not become aware of the failure to properly demand a jury trial until June 11, 1980.

Rule 39(b) of the Federal Rules of Civil Procedure states:

> * * * notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

[2] It is recognized that the right to trial by jury is a constitutional one and that, whenever possible, the court's discretion must be exercised to preserve that right. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). But as stated by the Ninth Circuit Court of Appeals in *Pacific Queen Fisheries v. Symes*, 307 F.2d 700, 718–19 (9th Cir. 1962), "–yet the Rules of Civil Procedure mean something * * *". The Rules provide for the orderly conduct of civil actions. Parties, rightly, rely upon these Rules. Without them, appellate courts would have to review the fairness of each procedural ruling on a case–by–case basis. It is said that the District Court's discretion "should rarely be exercised to grant a trial by jury in default of a proper request for it." *Rutledge v. Electric Hose & Rubber Company*, 511 F.2d 668, 675 (9th

Cir. 1975), quoting *Tomlin v. Pope & Talbot, Inc.*, 282 F.2d 447, 449 (9th Cir. 1960).

In *Mardesich v. Marciel*, 538 F.2d 848 (9th Cir.1976), the plaintiff, not having formerly demanded a jury trial as was his right under the Jones Act, 46 U.S.C. § 688, sought to obtain a release from his waiver on the basis of "alleged oversight". The District Court refused the plaintiff's request. The United States Court of Appeals, Ninth Circuit, in upholding the District Court said that the plaintiff

> wrongly characterizes the District Court's decision as a failure to exercise discretion, when, as we see the facts, the District Court had virtually no discretion to exercise. The only reason advanced by Mardesich in support of his motion for relief was oversight or inadvertence in failing properly to demand a jury trial.

538 F.2d at 849.

 Here, the plaintiff has shown nothing more than mere inadvertence to justify the relief sought. There has been no showing of excusable neglect or mistake or any other basis on which the court in its discretion should order a jury trial pursuant to Rule 39(b), Fed.R.Civ.P. Unless a party can show some reason beyond oversight or inadvertence for not having made a timely demand for jury trial, the moving party should not be relieved of the responsibility of complying with the applicable procedural rules.

Plaintiff's Motion for Jury Trial is DENIED.