**Adam RODRIGUEZ, Plaintiff,**

v.

**David W. SCHWEIGER and Roger D. Terry, Defendants.**

**No. 78 C 2295.**

United States District Court, N. D. Illinois, E. D.

Jan. 26, 1982.

William Southard, Susan R. Lichtenstein, Robert Riley, Schiff, Hardin & Waite, Chicago, Ill., for plaintiff.

William R. Quinlan and Robert L. Abraham, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff Adam Rodriguez brings this action under 42 U.S.C. § 1983 against Chicago police officers David Schweiger and Roger Terry, alleging that after he had been arrested and while he was subdued and offering no resistance, defendants shot and wounded him, in violation of his Fifth and Fourteenth Amendment rights. Before the court are defendants' motions for summary judgment and for a jury trial pursuant to Rule 39(b) of the Federal Rules of Civil Procedure. For the reasons explained below, the motion for summary judgment is denied and the motion for a jury trial is granted.

## I. SUMMARY JUDGMENT MOTION

In support of its motion for summary judgment, defendants have the burden of showing that the material facts, and all inferences which can be drawn from them, are beyond dispute. *ITT Diversified Credit Corp. v. Kimmel*, 508 F.Supp. 140 (N.D.Ill. 1981). While the parties here agree on the legal standard to be applied in determining the amount of force a peace officer can use (Ill.Rev.Stat., ch. 38 § 7–5), they strongly dispute the circumstances surrounding the shooting and the reasonableness of the officers' belief that deadly force was necessary.[1] Disagreements over these material factual issues render summary judgment inappropriate.

## II. JURY TRIAL REQUEST

Defendants did not demand a jury trial within ten days from the filing of their answer on October 22, 1980, as required by Rule 38(b) of the Federal Rules of Civil Procedure.[2] While failure to make a timely demand constitutes a waiver of a trial by jury, Fed.R.Civ.P. 38(d), the court, in its discretion, may grant relief from this waiver by ordering a jury trial pursuant to Rule 39(b).[3]

Urging application of Rule 39(b)'s relief provisions, defendants argue that the fundamental right to trial by jury should be preserved absent overriding considerations to the contrary, and that, here, no such

---

1. Defendants contend that plaintiff's plea of guilty to a charge of attempted murder conclusively establishes that the use of force was reasonable. That, however, is not the issue in the lawsuit, since plaintiff claims he was shot after he had been disarmed and subdued and was lying on the floor. His complaint is not that defendants could not use force to subdue him but that they summarily punished him after the time during which force may have been necessary had passed. Additionally, the significance of the guilty plea on this civil rights litigation is not altogether clear from the submitted material. Collateral estoppel's preclusive effect "extends only to questions distinctly put in issue and directly determined in the criminal prosecution." *Williams v. Liberty*, 461 F.2d 325, 327 (7th Cir. 1972). *See also Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

2. Rule 38(b) provides that "Any party may demand a trial by jury . . . not later than 10 days after the service of the last pleading directed" [to an issue triable of right by a jury].

3. Rule 39(b) provides that ". . . notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

considerations exist. Moreover, defendants maintain that the nine-month delay in making a request was not due to oversight, or inadvertence, but rather was because of the "special circumstances" of this case:

> The present suit was originally filed *pro se.* Two years later, the court appointed attorneys to aid the plaintiff. As a courtesy to plaintiff's counsel, the court granted the plaintiff extensions of time to amend his complaint, and in addition, the plaintiff was allowed until March 9, 1981 to answer or respond to the defendants' July 13, 1979 motion for summary judgment. It is in anticipation of a final ruling upon the defendants' summary judgment motion that the defendants were delayed in requesting a jury trial. Thus the delay was not due to oversight or inadvertence.

There appears to be considerable conflict among the circuits as to the standard by which a district court should exercise its discretion under Rule 39(b). *Pawlak v. Metropolitan Life Insurance Co.,* 87 F.R.D. 717 (D.Mass.1980). The Fifth, Eighth and Ninth Circuits, to varying degrees, seem to concur with the Second Circuit's rigorous standard set forth in *Noonan v. Cunard S.S. Co.,* 375 F.2d 69 (2d Cir. 1967):

> The effect of [the] continued and consistent courses of decisions [in the district courts within this Circuit] is to narrow the allowable scope of discretion. The area open to a judge's discretion has shrunk to determining whether the moving party's showing beyond *mere inadvertence* is sufficient to justify relief. *Id.* at 70 (emphasis added).[4]

*See e.g., Rhodes v. Amarillo Hospital Dist.,* 654 F.2d 1148, 1154 (5th Cir. 1981) (while courts should grant a jury trial in the absence of strong and compelling reasons to the contrary, it is not an abuse of discretion to deny a Rule 39(b) motion when the failure to make a timely demand results from mere inadvertence); *Aetna Casualty & Surety Co. v. Jeppesen & Co.,* 642 F.2d 339, 341 (9th Cir. 1981) (it is not an abuse of discretion to refuse relief under 39(b) where mere inadvertence is the excuse offered by tardy counsel); *Littlefield v. Fort Dodge Messenger,* 614 F.2d 581, 585 (8th Cir.) *cert. denied,* 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980) (while jury trials ought to be liberally granted when no prejudice results, the moving party here offers no justification for the failure to make an appropriate demand other than inexperience, and points to no prejudice resulting from the denial). *Accord, Chandler Supply Co. v. GAF Corp.,* 650 F.2d 983, 987 (9th Cir. 1980). *But see Davis-Watkins Co. v. Service Merchandise Co.,* 500 F.Supp. 1244, 1252 (M.D.Tenn.1980) (a discretionary request for a jury trial should not be denied unless compelling reasons support the denial).

Other courts, emphasizing the importance of a jury trial in the constitutional scheme, grant untimely jury trial requests even though the delay was due to inexperience, inadvertence or mistake. *See U. S. v. Krietemeyer,* 506 F.Supp. 289 (S.D.Ill.1980) (request for jury trial under 39(b) should be granted even though counsel inadvertently forgot to demand a jury trial due to unfamiliarity with the federal rules, particularly when the request came only three weeks after filing the answer). These judges, rather than focusing on the reasons for delay, emphasize and balance other factors, including (1) whether the issues are particularly appropriate for determination by a jury, (2) any prejudice that granting a jury trial would cause the opposing party, (3) timing of the motion, (4) any effect a jury trial would have on the court's docket and the orderly administration of justice. *See In re N–500L Cases,* 517 F.Supp. 821, 824

---

**4.** One explanation for such a standard was provided by the District Court in *Boice v. United States,* 87 F.R.D. 494 (D.Ariz.1980): "It is recognized that the right to trial by jury is a constitutional one and that, whenever possible, the court's discretion must be exercised to preserve that right. But ... the Rules of Civil Procedure mean something.... The Rules provide for the orderly conduct of civil actions. Parties, rightly, rely upon these Rules. Without them, appellate courts would have to review the fairness of each procedural ruling on a case-by-case basis." *Id.* at 495 (cites omitted).

(D.P.R.1981); *Malbon v. Pennsylvania Millers Mutual Insurance Co.*, 636 F.2d 936, 940 n.11 (4th Cir. 1980).

The Seventh Circuit has yet to determine the appropriate standard for deciding Rule 39(b) motions. In the absence of specific guidance from the Court of Appeals, this court finds Judge Keeton's reasoning in *Pawlak v. Metropolitan Life Insurance Co., supra*, persuasive.

> The factual premise for application of the *Noonan* rule is absent here. No "continued and consistent course of decision" such as forced the basis for the rigorous standard of *Noonan* has been alleged to exist in this circuit; nor is this court aware that such a course of decision has developed. In these circumstances the trial judge is not required to deny late jury requests merely because the movant's explanation for late file is inadvertence. Rather, it is appropriate to consider, in making a discretionary decision, not only the reasons advanced for failure to make a timely jury request but also factors more broadly concerned with the administration of justice. Thus, a court may take into account the nature of the issues in the particular case: Does the case turn primarily on fact questions that can readily be understood by a jury? To what extent will special instructions on the law be required in order for a jury to understand the issues? How do the answers to these and other questions about the nature of the issues affect estimates about whether trial will be delayed or lengthened by granting the request for jury trial? *Id.* at 719.

In this case, although defendants insist that their tardiness was not due to inadvertence, it is difficult to see what else they could be saying. Delaying the jury request until after a ruling on a summary judgment motion, which is not even a pleading for 38(b) purposes, surely cannot be a conscious decision.[5] Nonetheless, we eschew the verbal gymnastics to explain the

delay as an "honest mistake," or because of reasonable excuse, or due to inexperience, rather than "advertence." To allow an important constitutional right to turn on such oblique distinctions seems disingenuous.

Additionally, this court is hesitant to hold that an attorney's inadvertence or mistake will cause the forfeiture of the client's important procedural right to trial by jury, unless some prejudice to the non-moving party or to the administration of justice is likely to result. *Pawlak v. Metropolitan Insurance Co., supra* at 719. Although plaintiff obviously prefers a bench trial, no prejudice has been demonstrated. And the jury demand, although delayed, comes early enough in the progress of the case so that no added cost of trial, nor any other detriment to the judicial system is evident. Finally, it bears noting that the only disputed questions in this case, the circumstances surrounding the shooting, are factual issues particularly appropriate for jury resolution.

Accordingly, because this court is reluctant to deny a right to jury, and because the rationale for refusing a jury trial is not compelling in this case, defendants' request for a jury trial is granted. *See Davis-Watkins Co. v. Service Merchandise Co., supra* at 1252.

---

5. This court does note that when the complaint was filed and therefore the time when defendants customarily focus upon the jury question, plaintiff was proceeding *pro se*, a litigation posture which can well cause defendants to seek to avoid the potential problems of trying a *pro se* case to a jury.