Henry ABBE, Plaintiff,

v.

ALLEN'S STORE FOR MEN, INC., Defendant.

No. 81 C 3301.

United States District Court, N. D. Illinois, E. D.

May 7, 1982.

Jeffrey Strange, Strange & Rubel, North-brook, Ill., for plaintiff.

E. Leonard Rubin, Epton, Mullin, Segal & Druth, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Henry Abbe ("Abbe") has sued Allen's Store for Men, Inc. ("Allen's") claiming age discrimination in employment. Abbe failed to include a jury demand either in his original Complaint (filed July 22, 1981) or in his Amended Complaint (filed October 14, 1981 in response to Allen's Motion to dismiss). Some four months after the case was at issue Abbe moved for permission to file a jury demand. Allen's opposes the motion. For the reasons contained in this memorandum opinion and order, Abbe's motion is granted.

Fed.R.Civ.P. ("Rule") 38(b) provides: Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

Allen's Answer to the Amended Complaint (filed November 16, 1981) was the "last pleading directed to [the] issue[s]" triable by jury. Abbe's March 24, 1982 jury demand was thus untimely under Rule 38(b), so he has no *right* to jury trial.

Nonetheless Rule 39(b) allows "the court in its discretion upon motion [to] order a trial with a jury of any or all issues," despite the lack of a timely demand. Such discretion is not unguided by precedent. Courts of Appeals have upheld *denials* of untimely jury demands where inadvertence, neglect or a similar excuse was the only excuse offered by a party. *Aetna Casualty & Surety Co. v. Jeppesen & Co.*, 642 F.2d 339, 341 (9th Cir. 1981); *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980); *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir. 1970). District courts too have held that inadvertence or the like is not enough. *See, e.g., Banks Building & Equipment Corp. v. Mack Local 677*, 87 F.R.D. 553, 555 (E.D.Pa.1980); 5 Moore's Federal Practice, ¶ 39.09 at 39–30 n.11 (2d ed. 1982).

At least one decision has gone farther to hold that the exercise of discretion is not only guided but fettered. *Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 70 (2d Cir. 1967), says a showing beyond mere inadvertence is *required* to invoke discretion under Rule 39(b), and it is improper to give relief for inadvertence alone.

 Even under the stringent *Noonan* position Abbe qualifies for Rule 39(b) discretionary relief. Foreign-born, he has had no prior exposure to our legal system. Because he lives in retirement in Scottsdale, Arizona, day-to-day contact with his Northbrook, Illinois counsel is rendered somewhat difficult (or expensive). Abbe's counsel states by affidavit that he "misapprehended [Abbe's] desire for a trial by jury" and that "[Abbe] has always desired" one. Those facts do not fit the description of "mere inadvertence."

Even were this circuit to embrace the *Noonan* inhibition on a district court's discretion, there would be room here for the familiar balancing of relative hardships. Allen's assertion of prejudice is unpersuasive: a generalized reference to "litigation strategies and ... estimates as to litigation costs and expenses." Discovery is not at all far advanced.[1] What it really comes down to is that Allen's would prefer to try an age discrimination case in a bench trial.[2]

Abbe's side of the balance is weightier. In our system the right to jury trial should not be denied absent compelling circumstances. This trial will most likely pose issues particularly susceptible to jury determination, requiring no special knowledge or expertise. While litigation costs to Allen's may be higher in a trial,[3] that possibility cannot overcome Abbe's right (though tardily exercised) to have a jury.[4]

### Conclusion

Abbe's motion for permission to file a jury request is granted. This Court orders a trial by jury of all issues, as permitted by Rule 39(b).

---

1. Indeed there is an element of irony (if not poetic justice) in the fact that on the same day this opinion is being handed down Allen's is moving for relief from its own *inadvertent* failure to make a timely response to Abbe's request for admissions. Apparently Allen's is pleased to invoke this Court's discretion to apply that standard in its favor, while denying the Court's power to apply the same standard to its detriment.

2. As an aside that reflects an interesting value judgment. Federal judges present a substantially higher age profile than federal juries.

3. They may not. Time spent in drafting proposed findings of fact and conclusions of law after a bench trial may well outweigh the pretrial time in preparing jury instructions and the presumably greater amount of time in the trial itself.

4. A recent decision by another judge of this Court, the Honorable James B. Moran, reaches the result that is reached here based upon a similar analysis. *Rodriguez v. Schweiker*, 534 F.Supp. 229, 231–32 (N.D.Ill.1982).