Donald WILLIAMSON, Plaintiff,

v.

STATE OF INDIANA, DEPARTMENT
OF CORRECTION, and Jack R.
Duckworth, Defendants.

Charles BAILEY, Plaintiff,

v.

Gordon FAULKNER, et al., Defendants.

Leo UNDERWOOD, Jr., Plaintiff,

v.

Jack R. DUCKWORTH, Defendant.

Edward L. RICHARDSON, Plaintiff,

v.

Ron BATCHELOR, et al., Defendants.

Nos. S82–379, S83–153, S83–191
and S83–472.

United States District Court,
N.D. Indiana,
South Bend Division.

Jan. 20, 1984.

Carlos Delgado, Chicago, Ill., Joseph M.
Kalady, Inmate Lay Advocate, for plain-
tiffs.

Linley E. Pearson, Ind. Atty. Gen., Indi-
anapolis, Ind., for defendants.

ALLEN SHARP, Chief Judge.

Each of the above four cases is presently
before the court on the plaintiffs' motions
for jury trials. It is undisputed that all
such demands are untimely.

At pretrial conferences held at the Indi-
ana State Prison in Michigan City, Indiana,
on December 28 and 29, 1983, Carlos Del-
gado, Esq., of the Chicago lawfirm of
Adam Bourgeois, Ltd., entered his appear-
ance on behalf of each of the above named
plaintiffs in these actions and made oral
requests for jury trials. This court de-
clined to rule on the oral motions at that
time, and ordered either Mr. Delgado or
Joseph M. Kalady, an inmate lay advocate
acting as "in house" co-counsel for the
plaintiffs, to file such requests in writing
with this court no later than January 9,
1984.

Because these jury requests are clearly
beyond the time allotted by F.R.Civ.P.
38(b), they are addressed solely to this
court's discretion. The two most recent
decisions out of this Circuit addressing the
question of judicial discretion in consider-
ing untimely jury demands are *Merritt v.
Faulkner,* 697 F.2d 761 (7th Cir.), *cert.
denied,* — U.S. —, 104 S.Ct. 434, 78
L.Ed.2d 366 (1983), and *Ma v. Community
Bank,* 686 F.2d 459 (7th Cir.), *appeal dis-
missed,* — U.S. —, 103 S.Ct. 287, 74
L.Ed.2d 273, *reh. denied,* — U.S. —, 103
S.Ct. 504, 74 L.Ed.2d 642 (1982).

Notwithstanding the clear wording of
F.R.Civ.P. 39(b) that untimely requests for
jury trials, otherwise available of right un-
der F.R.Civ.P. 38(b), are addressed exclu-
sively to the discretion of the trial court
judge, the above two cited cases stand for
the proposition that the judge's discretion
is hardly unfettered. Indeed, at page 767
of Judge Swygert's opinion in *Merritt v.
Faulkner, supra,* appears the following:
"In the absence of strong and compelling
reasons to the contrary, untimely jury de-
mands should be granted."

Although the *Merritt* decision involved a
*pro se* inmate with a physical handicap, a

situation which does not exist in any of the four cases presented, the underlying rationale of *Merritt* regarding untimely jury requests appears to be that, where the opponent would suffer no real harm by the granting of such a motion, almost any reason will suffice for the granting of such a request on behalf of a *pro se* inmate.

Under the facts of these four cases, where private counsel immediately made a motion for trial by jury at the time of his entry of appearance on behalf of the plaintiffs, this court concurs with the judgment of the court in *Ford v. Breier*, 71 F.R.D. 195 (E.D.Wis.1976) that a motion for trial by jury brought by new counsel without delay is grounds for granting the otherwise belated motion.

Accordingly, and based on the above, it is the ORDER of this court that the belated requests for trial by jury in these four cases be, and hereby are, GRANTED. SO ORDERED.