**Esther STOUTMIRE and Ruben Stoutmire, Plaintiffs,**

v.

**Dorothy STRICKLAND, et al., Defendants.**

**No. 83 C 6900.**

United States District Court, N.D. Illinois, E.D.

Dec. 17, 1984.

F. Willis Caruso, Elizabeth Shuman-Moore, Chicago, Ill., for plaintiffs.

David J. Walker, William J. Harte, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Esther and Ruben Stoutmire ("Stoutmires") seek damages and injunctive relief under 42 U.S.C. § 1982 ("Section 1982") and the fair housing provisions of the Civil Rights Act of 1968 (the "Act"), 42 U.S.C. §§ 3601–3631.[1] Defendant Quasem Barakat ("Barakat")[2] has renewed his motion under Fed.R.Civ.P. ("Rule") 39 for a trial by jury of all issues in the case. For the reasons stated in this memorandum opinion and order, Barakat's motion is denied (at least on the present showing or lack of one).

1. Citations to the Act will take the form "Act § —," with the section numbers referring to Title 42 rather than to the Act's internal numbering.

2. Other defendants comprise Century 21-NBC Realty ("Century 21-NBC"), its principal owner George Stavropoulos and its salespeople Dorothy Strickland and Damos Kiriakidis (all collectively the "Century 21-NBC Defendants"), Northwest National Bank of Chicago and C.A. Wallace.

## Background

On September 30, 1983 Stoutmires filed their original complaint, alleging defendants had, because Stoutmires were black, refused to sell or negotiate the sale to Stoutmires of a house owned by Barakat. On November 29 Barakat answered the complaint, but he did not file a timely demand under Rule 38:

> Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

On December 28 Stoutmires filed an Amended Complaint (the "Complaint"), adding allegations that defendants were receptive to a white tester expressing an interest in Barakat's house while effectively turning away two black testers. Once again Barakat filed a timely answer, but not a jury demand under Rule 38.

On April 19, 1984 Barakat filed a Crossclaim against the Century 21–NBC Defendants, asking indemnification for any judgment entered against him on the basis of the Complaint. On August 20 the Century 21–NBC Defendants answered the Crossclaim. In the meantime, however, Barakat sought leave to file a jury demand on *all* issues in the case, invoking Rule 39:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

As to issues raised in the Crossclaim, of course, Barakat was not obligated to seek leave. Rule 38 permitted him to do so as of right until ten days after the other defendants had answered his Crossclaim, so his jury demand on that score was made in time. But because Barakat's jury demand as to issues encompassed by the Complaint was untimely, Rule 39 reposed discretion in this Court whether or not to honor the demand. During an August 13 status call this Court ordered that the issues raised by the Crossclaim be tried by jury, but denied without prejudice Barakat's motion as to issues raised in the Complaint. Now Barakat has submitted a memorandum to buttress his request.

## Rule 39(b) Analysis

Rule 39(b) confers authority to grant a motion for jury trial "in an action in which such a demand might have been made of right" under Rule 38. That poses the threshold inquiry whether and to what extent the claims asserted against Barakat in the Complaint are triable of right by a jury.

▇ Under prevailing Seventh Amendment doctrine, issues legal in nature are triable by jury of right, while those equitable in nature are not. *Ross v. Bernhard,* 396 U.S. 531, 533, 90 S.Ct. 733, 735, 24 L.Ed.2d 729 (1970). To the extent Stoutmires seek permanent injunctive relief under Act § 3612 and Section 1982, those equitable-relief issues are not jury-triable. On the other hand, it has been settled law for a decade that Stoutmires' action for damages under Act § 3612 does constitute "an action to enforce 'legal rights' within the meaning of [the Supreme Court's] Seventh Amendment decisions." *Curtis v. Loether,* 415 U.S. 189, 195, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974) (a unanimous opinion). In other words, Stoutmires have asserted both legal and equitable claims, the determination of which turns upon substantially the same factual issues (or at least overlaps substantially).

▇ In such mixed cases, the Supreme Court has made clear a court must take special care to safeguard a litigant's constitutional right to a jury trial of legal issues (*Diary Queen, Inc. v. Wood,* 369 U.S. 469, 472–73, 82 S.Ct. 894, 897, 8 L.Ed.2d 44 (1962), quoting *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510–11, 79 S.Ct. 948, 957, 3 L.Ed.2d 988 (1958)):

[W]here both legal and equitable issues are presented in a single case, "only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims."

*Beacon Theatres* and *Dairy Queen* have been explicated this way (9 Wright & Miller, *Federal Practice & Procedure: Civil* § 2306, at 37 (footnotes omitted)):

> [T]he constitutionally required solution in these situations, in which a single issue may be either legal or equitable depending on the remedy awarded, is to have a jury present to decide the issue, even though the court may then have to determine for itself whether to grant relief of a type historically equitable.

In terms of this case, Stoutmires have sought a legal remedy under Act § 3612, and issues as to that remedy are triable by a jury as of right, even if a simultaneous or later determination as to the propriety of equitable relief is reserved for this Court.

■ Because under Rule 38 Barakat might have demanded a jury trial of such issues, the question remaining is whether this Court, in the proper exercise of its discretion under Rule 39(b), should honor his untimely demand. One useful approach is to consider five factors as guiding such discretion (*Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir.1983):[3]

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in disruption of the court's schedule or that

of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; (5) the reason for the movant's tardiness in requesting a jury trial.

While the court's decision should reflect a balancing of all those factors, most often the fifth one proves determinative. As this Court observed in *G. Bauknecht GmbH v. Electronic Relays, Inc.*, 569 F.Supp. 404, 415 (N.D.Ill.1983):

> To qualify for discretionary relief, the delinquent party must furnish an adequate justification for his tardiness. Though the case law is split as to what constitutes a sufficient excuse, even the most lenient approach (to which our own Court of Appeals subscribes, see *Merritt v. Faulkner*, 697 F.2d 761, 766–67 (7th Cir.1983)) requires a showing of inadvertence.

■ Barakat Mem. 2 attributes his failure to file a timely jury demand to his "counsel's excusable confusion with regard to right to a trial by jury under 42 U.S.C. § 1982 and § 3612." In all candor, that seems disingenuous. Though there are of course unusual situations in which monetary awards are viewed as partial implementation of equitable remedies and hence non-jury-triable,[4] the normal (perhaps even Pavlovian) reaction of any experienced trial lawyer (and Barakat's is certainly that) to a claim for damages like Stoutmires' is to view it automatically as potential grist for a jury's mill. And any conceivable doubt in that respect in *this* instance would have been resolved by less than two minutes' research: a brief look at Act § 3612 in U.S.C.A., with its specific "Jury trial"

---

**3.** As Judge Moran has observed (*Rodriguez v. Schweiger*, 534 F.Supp. 229, 230–32 (N.D.Ill. 1982) and cases there cited), some courts take a narrow view of a court's discretion under Rule 39(b) while others, emphasizing the importance of the movant's Seventh Amendment right, have granted Rule 39(b) motions even when the Rule 38 waiver is attributable to mere inadvertence on the part of the movant. Our Court of Appeals has leaned to the latter approach in the unusual pro se situation referred to in *Merritt v. Faulkner*, 697 F.2d 761, 766–67 (7th Cir.1983); but cf. *Ma v. Community Bank*, 686 F.2d 459, 470 (7th Cir.1982):

> As a general rule, mere inadvertence will not justify relief from a waiver of the right to trial by jury; some other reason for relief must be shown.

**4.** In Title VII cases, for example, an award of back pay has been treated as an integral part of the equitable remedy of reinstatement. As such it does not implicate the right to a jury trial. See *Grayson v. Wickes Corp.*, 607 F.2d 1194, 1196 (7th Cir.1979) and cases there cited; see also 6 Fed.Proc.L.Ed. § 11:84.

headnote identifying a ten-year-old unanimous Supreme Court decision directly on point. It is implausible that Barakat's counsel, had he considered the matter, would have been confused by such clear and uncontroverted authority. Barakat's counsel will have to be more particularized (and more persuasive) before this Court can determine whether even the most lenient standard of "inadvertence" identified in *Bauknecht* (let alone the more stringent one expressed in *Ma*) has been met.

Nonetheless, it is worth taking a look at the other *Parrott* factors (Barakat may come once more unto the breach, and it should therefore be seen now whether such a renewed effort would be bootless). Brief examination indicates the other factors would not appear to weigh against a proper Rule 39(b) request by Barakat, were he to make one.

■ First, many of the factual issues to be tried in this case—such as the circumstances surrounding Stoutmires' efforts to buy Barakat's house and the later inquiries by testers—involve an assessment of witness credibility. That function, of course, is well suited to a jury, especially where (as here) the factual situation is not so complicated or technical as to risk confusing a jury (contrast, e.g., *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 675 (9th Cir. 1975)).

■ Second, granting Barakat's Rule 39 motion will not significantly disrupt this Court's or Stoutmires' schedule. There has been no trial setting, and in any case a jury will have to be called to try the Crossclaim. Indeed to the extent the issues raised by the Crossclaim overlap those raised by the Complaint, no determination of those issues by this Court could be allowed to impair Barakat's perfected right to a jury trial of the Crossclaim. *Beacon Theatres*, 359 U.S. at 510–11, 79 S.Ct. at 957 and *Dairy Queen*, 369 U.S. at 472–73, 82 S.Ct. at 897, teach the need to guard against that possibility.

Third, though Stoutmires have made plain they would prefer a bench trial, they have not identified any prejudice to themselves resulting from a grant of Barakat's motion. In fact their five-sentence response does little more than rehearse the proceedings to date before this Court on Barakat's motion. This Court cannot presume prejudice in the absence of a showing (though in fairness, if Barakat were to seek another chance to cure his inadequate presentation, Stoutmires will be given the same).

Finally, Barakat's delay (though several months in duration) was less than in some cases in which Rule 39(b) relief has been granted. See, e.g., Judge Moran's opinion in *Rodriguez* (cited in n. 3) (nine-month delay). And perhaps most significantly in that respect, nothing untoward has been shown to have been occasioned by that delay.

In sum, the factors other than Barakat's reason for tardiness—the most important element—are not adverse to his request. This Court must however await a better showing on that score, even though the right in issue is a fundamental one.

### Conclusion

Barakat's motion under Rule 39(b) to file a jury demand as to issues raised by the Complaint must once again be denied. Again that denial is without prejudice to an adequate showing by Barakat (and on the other side of the coin, without prejudice to a showing by Stoutmires of potential prejudice).