**AM INTERNATIONAL, INC., Plaintiff,**

v.

**EASTMAN KODAK COMPANY, Defendant.**

No. 80 C 4016.

United States District Court, N.D. Illinois E.D.

May 28, 1986.

See also, 577 F.Supp. 1117, 100 F.R.D. 255.

Jerry A. Riedinger, L. Michael Jarvis, Mark T. Banner, D. Dennis Allegretti, Charles G. Call, Allegretti, Newitt, Witcoff & McAndrews, George P. McAndrews, Anthony W. Karambelas, Los Angeles, Cal., for plaintiff.

Donald C. Clark, Jr., Isham, Lincoln & Beale, Arthur G. Connolly, Harold Pezzner, Stanley C. Macel, III, Connolly, Bove, Lodge & Hutz, Wilmington, Del., for defendant.

## ORDER

NORGLE, District Judge.

Plaintiff, AM International, Inc., ("AMI") moves for an untimely jury demand under Rule 39(b). Defendant, Eastman Kodak Company, ("Kodak") opposes the motion arguing the demand has come far too late in the proceedings and that it would be severely prejudiced if the jury demand is now granted. For the following reasons, plaintiff's motion is denied.

AMI filed this action in July, 1980 alleging that Kodak had infringed on four of its patents. In September, 1980, Kodak filed an answer and counterclaim alleging, *inter alia,* unfair competition in the filing of law suits in bad faith. During the next four years a number of discovery motions were presented to the court and each of them was granted in Kodak's favor. Kodak also

moved for summary judgment. Kodak's motion was denied on August 3, 1983. In addition AMI was awarded sanctions against Kodak for discovery abuse. The parties submitted pretrial orders in November, 1984 and the case was set for trial in December, 1984. Shortly before the time for trial, the judge recused himself from the case.

In January, 1985, the case was reassigned to this court. A pretrial conference was held in July, 1985 and an oral status hearing was held in November, 1985. At the November, 1985 status the court informed the parties that a trial date was set for February, 1986. Because of conflicting priority matters, however, the February trial date was struck. In April, 1986 AMI obtained new trial counsel. The new counsel filed their appearance and immediately made the motion for a jury trial.

Rule 38(b) requires that a jury demand be made no later than ten days after the service of the last pleading directed to the issue a jury is asked to consider. Rule 38(d), contrary to the ordinary rule regarding waiver of constitutional rights (intentional relinquishment of a known right), permits the waiver of the right to jury merely by the failure to make a timely demand. 9 C. Wright & A. Miller, *Federal Practice and Procedure, Civil* § 2321 (1971) (citing cases).

Perhaps because of the importance of the right to a jury trial and the drastic result of failure to make a timely jury demand, Rule 39(b) permits a district court, in its discretion, to order a trial by jury on any or all issues upon motion of a party. Fed.R. Civ.P. 39(b). Courts have taken divergent views on precisely what this discretion encompasses. Some courts, emphasizing a fear of circumventing Rule 38(b)'s insistence on a timely jury demand, have viewed a judge's discretion narrowly; others, emphasizing the preeminence of a right to a jury trial and the general liberality of the federal rules, have found a court should grant an untimely jury demand unless there are strong and compelling reasons to

the contrary. *See generally* Wright and Miller, *supra*, at § 2334 (citing cases).

The cases in this Circuit likewise reflect those divergent views. In *Ma v. Community Bank*, 686 F.2d 459 (7th Cir.1982), the Seventh Circuit concluded that mere inadvertence will not justify relief from the waiver of a trial by jury. *Id.* at 470. In concluding that a jury demand made one year late because of a supposed conflict of interest was not a sufficient reason to grant the jury demand, the court noted some other reason beyond inadvertence must be shown to come within Rule 39(b)'s relief. The profferred explanation (conflict of interest) did not satisfy the failure to make the timely demand. *Id.* In *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.1983), the Seventh Circuit stated: "The right of a litigant to have his fellow citizens hear and weigh the evidence is a hallmark of our jurisprudential system." *Id.* at 767. The appellant, a blind, *pro se* litigant who made a jury demand (untimely by nine days) and who expressed concerns about his competency to represent himself was denied a right to a jury by the district court. In finding the district court abused its discretion, the court joined the majority rule regarding the granting of an untimely jury demand: "In the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted." *Id.*

The facts in *Merritt* are fortunately not typical of most untimely jury demands; in closer situations courts have attempted to balance factors in assessing if "strong and compelling reasons" are present in a case. Factors often considered are: 1) whether the case involves issues which are best tried to a jury; 2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; 3) the degree of prejudice to the other party; 4) the length of delay in having requested a jury trial; and 5) the reason for the movant's tardiness in requesting a jury trial. *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir.1983); *Rodriquez v. Schweiger*, 534 F.Supp. 229, 231 (N.D.Ill. 1982). While each of these factors is rele-

vant, the most significant appear to be why counsel did not make a timely demand, why he took so long, and what prejudice to defendant has arisen from the delay. *See United States v. Lochamy,* 724 F.2d 494, 499 (5th Cir.1984) (at a minimum, movant must offer justification for lengthy delay); *Bauknecht GmbH v. Electronic Relays, Inc.,* 569 F.Supp. 404, 415 (N.D.Ill.1983) (adequate excuse required before consideration of any prejudice); *Parrott,* 707 F.2d at 1267 (movant's excuse for failing to make timely jury request carries considerable weight). After consideration of these factors, the court concludes there are strong and compelling grounds for denying AMI's untimely jury demand.

First, AMI offers no justification for failing to make a timely demand. Its motion correctly stresses the importance of a jury trial but fails to offer a clue as to why that importance was not apparent initially. Its only statement hinting at a reason is that new trial counsel was appointed and immediately thereafter a jury demand was made. There are cases which have found that a motion by new counsel for a jury demand without delay is grounds for granting the motion. *E.g., Williamson v. State of Indiana Dept. of Correction,* 577 F.Supp. 983, 984 (N.D.Ind.1984); *Ford v. Breier,* 71 F.R.D. 195, 197 (E.D.Wis.1976). We note that *Williamson* involved prisoner litigation with no showing of prejudice to defendant and that the motion in *Ford* was unopposed. Nonetheless, AMI does not indicate how the change in counsel reflects any reason (other than a change in strategy) that might justify or explain the failure to make a timely demand, or for that matter, an untimely demand at any earlier stage in the previous six years. *E.g., Carter v. Noble,* 526 F.2d 677, 678 n. 1 (5th Cir.1976) (additional counsel alone is insufficient justification); *Crawford v. Dominec,* 85 F.R.D. 33, 34 (E.D.Pa.1979) (mere statement of hiring new attorney insufficient to relax waiver).

■ Second, the court is not convinced that even if AMI claimed inadvertence such a claim would be credible. Courts have permitted jury trials where counsel has made an "honest mistake," or because counsel had unfamiliarity with the federal rules, *United States v. Krietemeyer,* 506 F.Supp. 289, 293 (S.D.Ill.1980), or simply forgot to make the demand, or where counsel mistook his client's desire for a jury trial. *Abbe v. Allen's Store for Men,* 94 F.R.D. 295, 296 (N.D.Ill.1982). The court agrees with Judge Moran's statement that a jury trial is too important to deny based merely on semantical nuances and delicate shades of meaning about what is or is not an honest mistake or reasonable excuse. *Rodriquez,* 534 F.Supp. at 232. As the record in this case demonstrates, however, this court is not confronted with the task of seeking cryptic meanings or making hair-splitting distinctions.

Six years have passed since this case began. It has been bifurcated into two trials: one for liability and, if necessary, one for damages. The parties twice were prepared for bench trials, only to have other forces intervene. Extensive discovery took place and there were several disputed discovery motions. Pretrial orders, which anticipated a bench trial, have been submitted. At no time during this entire period was a request for a jury made. Even after Kodak's most recent motion to bifurcate the counterclaim from the complaint was denied, AMI did not move for a jury trial.

■ Six years have passed in this case. This fact merits some commentary in itself. None of the cases cited by AMI granting untimely jury demands even comes close to six years. Of the cases cited here, the longest period was 21 months, within one-third the time AMI made its motion. *See Lochamy,* 724 F.2d at 499. Compared with the denial of the motion only made seven days late in *Williams v. Lane,* 96 F.R.D. 383, 387 (N.D.Ill.1982), six years is unacceptably long. The court is aware of the Seventh Circuit's statement that a motion for a jury trial should never be denied merely because it is "too late." *Merritt,* 697 F.2d at 767. That statement is, of course, but a truism. Rule 39(b) expressly

provides a district court discretion to permit a jury trial where one has been waived. No Rule 39(b) motion could ever be granted if a basis for denial were that it was made too late; that is true of all untimely jury demands. The court also does not place undue weight on this one factor. It seems sensical, however, that there is a point at which a jury demand is made so late, that the other factors to be considered almost necessarily are satisfied. In this case, the untimely demand reflects a deliberate, conscious decision not to try this case before a jury. In such a case, the court does not believe a party may avoid Rule 38(b)'s requirements by the mere appointment of new trial counsel.

 While patent infringement cases may be difficult for juries to understand, and while there are many legal and equitable issues to resolve, they do present factual issues which can be decided by a jury. *See SRI Int'l v. Matsushita Elec. Corp. of America,* 775 F.2d 1107, 1126 (Fed.Cir.1985) (en banc) (Markey, C.J., additional view). As for the convenience to the court and the orderly administration of justice, the court believes the advantages and disadvantages of a jury trial are about even. While the trial time is longer, the decision time is shorter; while the jury instructions may take long to formulate, the factual findings in a bench trial may take as long or longer to be decided. *See SRI Int'l,* 775 F.2d at 1128 n. 6 (the reemergence of demands for jury trials in patent cases is based in part on quick decisions from juries: "patent verdicts may be obtained in hours, whereas obtaining a court decision after a bench trial of a patent case has often required years.") Additionally, a bench trial is easier to schedule and may be spread over a longer period while a jury trial requires a block of continuous time.

Kodak will suffer prejudice from a jury trial at this time as well. It has spent the previous six years preparing for a bench trial. To require Kodak to prepare for a jury trial at this late date would impose a substantial burden on Kodak. *United States v. Unum,* 658 F.2d 300 (5th Cir. 1981). Moreover, the liability phase of this case has been bifurcated from damages. Discovery has been directed toward liability only and trial preparation has been conducted to establishing/contesting liability. If a jury were to find liability, it would have to await discovery on damages, or a new jury would have to assess damages—a difficult task given the close relationship between liability for infringement and proof of damages flowing from the particular infringing conduct. Aside from any constitutional implications arising from two different juries, *Gasoline Prod. Co. v. Champlin Refining Co.* 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931), the court finds it a wholly inconvenient manner to proceed.

The alternative is not much better. The court could join the liability and damage aspects of the case, permit extensive discovery on damages and try the case before a single jury on damages and liability. This would delay the trial of this case for some time, (Kodak estimates many months or years) and would subject both parties, particularly Kodak, to a discovery burden on an issue that a jury may never have to consider. It would not be a convenient manner to proceed and would undermine the original reason for granting a bifurcated trial in the first place.

Thus, fully aware of the importance of a jury trial in our system of jurisprudence, the court nevertheless concludes that strong and compelling reasons exist for denying AMI's untimely motion for a jury trial. AMI's untimely jury demand is denied.

IT IS SO ORDERED.