**NODDINGS INVESTMENT GROUP, INC., Plaintiff,**

v.

**Brian D. KELLEY, Individually and Kelley Capital Management, Ltd., Defendants.**

No. 93 C 1458.

United States District Court, N.D. Illinois, Eastern Division.

March 16, 1995.

---

Alan L. Unikel, David L. Garfinkle, Janice Levy Block, Seyfarth, Shaw Fairweather & Geraldson, Chicago, IL, for plaintiff.

Ellen Beth Epstein, Donald Lee Homyk, Donald L. Homyk, Ltd., Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

On March 10, 1992, Noddings Investment Group, Inc. ("Noddings") filed its complaint against defendants Brian D. Kelley ("Kelley") and Kelley Capital Management, Ltd. ("KCM") alleging false advertising under Section 43(a) of the Lanham Act and for misappropriation of trade secrets under the Illinois Trade Secrets Act. Defendants filed their answer on April 30, 1993 and failed to request a jury trial.

After extensive discovery, a hearing, which lasted twelve days and generated a transcript of 2,143 pages, began on October 13, 1993. After receiving oral argument and proposed findings of fact on January 18, 1994, Magistrate Judge Guzman recommended that the district court grant plaintiff's requested preliminary injunction. After further briefing before the district court, on March 17, 1994, Judge Kocoras issued a Memorandum Opinion granting plaintiff's Motion for a Preliminary Injunction.[1] Thereafter, on May 13, 1994 this case was transferred to this Court. As a result of this Court's request for a June 1, 1994 written status report three issues have been presented to the Court.

First, defendants belatedly seek a jury trial in this matter. Secondly, defendants have objected to incorporating the extensive preliminary injunction hearing transcript into the record of the trial on the merits. Lastly, defendants seek the Court's permission to file a counterclaim.

### DEFENDANTS' BELATED JURY DEMAND

There is no question that the defendants did not formally request a jury trial until they filed their June 1, 1994 status

---

1. On April 15, 1994 defendants filed a notice of appeal from Judge Kocoras' March 17, 1994 order. This appeal is apparently currently pending before the Seventh Circuit Court of Appeals.

report with this Court. Rule 38(b) of the Fed.R.Civ.P. states, in part:

(b) **Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.

Rule 39(b) of the Fed.R.Civ.P. further states, in pertinent part that, "the court in its discretion upon motion may order a trial by a jury of any or all issues." In this case there is no dispute about the appropriate standards this Court should consider in deciding whether to allow the defendants to belatedly assert a right to a jury trial. The parties agree that the five factors which should be considered in deciding whether the court should exercise its discretion under Rule 39(b) are:

1. Whether the case involved issues to be tried to a jury;

2. Whether granting the motion would disrupt the Court's or the adverse parties' schedule;

3. Whether the adverse party would be prejudiced;

4. The length of the delay in requesting a jury trial; and

5. The reason the party failed to timely demand a jury trial.

*A.M. International Inc. v. Eastman Kodak Co.,* 648 F.Supp. 506, 507 (N.D.Ill.1986).

■ While the Court's decision should reflect a balancing of all those factors, most often the fifth factor is determinative. *Stoutmire v. Strickland,* 599 F.Supp. 314, 317 (N.D.Ill.1984). In *Stoutmire,* Judge Shadur accurately noted, in denying a defendant's late jury request, that a delinquent party seeking discretionary relief must furnish justification for his tardiness. The defendants assert that they inadvertently failed to timely request a jury trial because they were in the midst of preparing for a hearing on the preliminary injunction motion. Furthermore,

defendants assert that they were not aware of their inadvertence until this Court requested the parties to prepare a written status report at the end of May, 1994.

This Court finds that the defendants' current demand for a jury trial is untimely and that defendants have waived their right to a jury trial. In view of the fact that defendants are represented by experienced counsel, who have contested most of the factual and legal issues in this case, this Court cannot accept defendants' claim of mere inadvertence. This Court further finds that granting the defendants' jury trial demand would unnecessarily prolong this case and prejudice the plaintiff by making this litigation more expensive. Given the extensive nature of the proceedings thus far in this action, defendants' thirteen-month delay in requesting a jury trial is far too long. This Court also finds that there is a certain element of forum shopping present in defendants' belated jury demand. After having defendants' legal positions rejected by both a Magistrate Judge and a District Judge this Court does not believe it is coincidental that the defendants presently are seeking a jury trial. Thus, defendants' request for a jury trial pursuant to Fed.R.Civ.P. 39(b) is denied.[2]

### THE USE OF THE PRELIMINARY HEARING TRANSCRIPT DURING TRIAL

■ The plaintiffs have moved pursuant to Fed.R.Civ.P. 65(a)(2) for an order incorporating the preliminary injunction hearing transcript into the record of the trial on the merits. Rule 65(a)(2) states in pertinent part that:

"Any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial."

The 1966 amendment notes to subdivision (a)(2) explicitly state that:

---

**2.** The Court's ruling is made without accepting in any fashion plaintiff's overbroad argument that the issues in this case are so complex that the jury could not decide the case. The law books are filled with cases more complicated than this one which have been superbly decided by juries sitting throughout the history of this country. This Court has an unassailable faith in the jury trial system and totally rejects plaintiff's unfounded suggestion.

"Although repetition is not altogether prohibited, it would be impractical and unwise."

Defendants in their response to plaintiff's motion ask this Court to begin anew and eliminate twelve days' of testimony from nine separate witnesses and ninety-six exhibits which have been offered and accepted into evidence because it would be more sensible to "receive complete testimony on all issues at trial." This argument makes absolutely no sense to the Court and seems designed to unduly prolong both the time and expense of the trial. Certainly having determined that this matter will be tried before this Court, it will be relatively easy for the parties to designate the appropriate transcripts that it wants this Court to evaluate during the trial of this matter. Thus, granting the plaintiff's motion will directly serve the interest of judicial economy and save time during the trial of this case. For these reasons, the plaintiff's motion to incorporate the preliminary injunction hearing transcript into the record of the trial on the merits is hereby granted.

## DEFENDANT'S COUNTERCLAIM

Defendants also seek leave, pursuant to Fed.R.Civ.P. 13(e) and 13(h), to file a three-count counterclaim against plaintiffs. This counterclaim alleges violations of the Lanham Act, 15 U.S.C. § 1125, as well as state law claims for defamation. After careful evaluation of plaintiff's objections to this motion, this Court has decided to grant defendants' motion for leave to file its counterclaim. The granting of this motion is without prejudice to any responsive pleadings plaintiffs may file to the counterclaim.

## CONCLUSION

For the above stated reasons, this Court hereby (1) denies defendants' request for a jury trial; (2) grants plaintiff's motion for an order incorporating the preliminary hearing transcript into the record of the trial on the merits and (3) grants defendants' motion to file a counterclaim. This case is set for status on March 31, 1995 at 9:00 a.m.